HERMAN LUCKS, Respondent, v. NORTHWEST-
ERN SAVINGS BANK, Appellant.

**St. Louis Court of Appeals, May 3, 1910.**

1. **INSTRUCTIONS: Ignoring Facts.** An instruction which ig-
nores a concession of fact made by the party requesting it is
properly refused.

2. **BANKS: Evidence: Admissions: Entries in Passbook.** Where
an entry in a bank depositor's passbook was canceled by the
bank on first detecting it, and the evidence tended to show it
was erroneous, it could not be regarded as an admission by the
bank.

3. ———: **Action by Depositor: Evidence: Entries in Passbook.**
In an action against a bank by a depositor for a balance
claimed to be due him on his account, entries in his passbook
proved to have been made by the bank's officers make a prima
facie case in his favor.

4. ———: ———: **Instructions: Singling out Facts.** Where, in
an action against a bank for a deposit, it appeared the bank
canceled its entry in the depositor's passbook on first detect-
ing it and offered testimony to prove the entry was erroneous,
an instruction that the entries made by the bank on the de-
positor's passbook were admissions by the bank that the
amounts so entered were deposited by the depositor, was er-
roneous, because giving undue emphasis and weight to the
entry.

Appeal from St. Louis City Circuit Court.—*Hon.*
*Virgil Rule,* Judge.

REVERSED AND REMANDED.

*Geo. W. Lubke* and *Geo. W. Lubke, Jr.* for appel-
lant.

(1) That part of the instruction given by the court
of its own motion was manifestly erroneous and pre-
judicial to defendant. (a) It singled out and com-
mented on the passbook entries and gave them promi-
nence over the other facts shown by the evidence. This

has been held unfair by a long line of decisions of the Supreme and Appellate Courts of this State. Fine v. St. Louis Public Schools, 30 Mo. 175; Jones v. Jones, 57 Mo. 138; State v. Elkins, 63 Mo. 166; Barr v. City of Kansas, 105 Mo. 559; Smith v. Woodmen of the World, 179 Mo. 137; McFadin v. Catron, 120 Mo. 274; Railroad v. Stock Yards, 120 Mo. 565; Williams v. Stephens, 38 Mo. App. 158; Swink v. Anthony, 96 Mo. App. 420; Imboden v. Trust Co., 111 Mo. App. 242; Connelly v. Railroad, 120 Mo. App. 652; James v. Insurance Co., 135 Mo. App. 251. (b) It tended to impute to the passbook entries a contractual obligation or promise of defendant. McKeen v. Bank, 74 Mo. App. 289; Bank v. Morgan, 117 U. S. 106. Entries in the passbook of a depositor are not writings for the payment of money and no liability is created by these entries, express or implied, "to pay the depositor the sums therein acknowledged to have been received;' they are in the nature of receipts, and actions therefor are barred by the five-year Statute of Limitations. Quattrochi v. Bank, 89 Mo. App. 500. There is no such sanctity about a receipt which "makes it conclusive." Aull v. Trust Co., 149 Mo. 17. (c) The language, "a reasonable explanation of such entries," as used in the instruction, was vicious and was calculated to confuse or to mislead the jury. They were not told for what purpose; in what line or direction the "reasonable explanation" was required. Buel v. Transfer Co., 45 Mo. 562; Railroad v. Dawley, 50 Mo. App. 480; Gebhardt v. Transit Co., 97 Mo. App. 373. (d) The instruction was inconsistent in that the latter part of it conflicted with the first and thus rendered the whole misleading. It first put the burden of proof on the plaintiff, which was correct; and then shifted the burden to defendant. A long line of decisions of the Supreme and Appellate Courts of this State has also condemned the giving of inconsistent instructions, and especially single instructions which express different and inconsistent views. Such

instructions are regarded as misleading, as it cannot be said by which part the jury was guided. Wood v. Fleetwood, 19 Mo. 529; State v. Foley, 12 Mo. App. 434; Hooper v. Insurance Co., 93 Mo. App. 111; Sheperd v. Transit Co., 189 Mo. 362. (2) The court also erred in refusing to give the instruction on the burden of proof as asked by defendant, especially since defendant's instruction as asked explained this phrase. Instructions stating on whom the burden of proof rests are upheld in this State, although they do not make this explanation. Berry v. Wilson, 64 Mo. 164; Steinwender v. Creath, 44 Mo. App. 360. (3) And the court erred in refusing to allow cross-examination of the plaintiff as to his purpose in visiting Mr. Stifel and showing him the passbook; and also erred in sustaining the plaintiff's objection to defendant's inquiry as to the efforts of teller Schulte to learn who made the deposit of the $40.37 which was "over." There was such conflict in the testimony in the case, direct and circumstantial, that a wide range of inquiry should have been permitted, as in cases involving fraud. Manheimer v. Harrington, 20 Mo. App. 301-2.

*Edward A. Raithel* and *R. F. Walker* for respondent.

(1) An instruction should call the attention of the jury to the evidence presented and upon a proper hypothesis, direct what the verdict should be. State to use v. King, 44 Mo. 238. Where an instruction states the law correctly, considered abstractly and then proceeds to apply the principle of law to the facts and circumstances in evidence, it cannot be considered commenting on the evidence and liable to mislead the jury or cause them to go outside of the evidence before them. Dunn v. Henley, 24 Mo. App. 579; Beattie v. Hill, 60 Mo. 72; Tyler v. Hall, 106 Mo. 313; Clark v. Cordry, 69 Mo. App. 6; Holliday-Klotz L. & L. Co. v. Markham,

96 Mo. App. 51; Stewart v. Sparkman, 75 Mo. App. 106; Bowen v. Lazarlere, 44 Mo. 383; Zimmerman v. Railroad, 71 Mo. 476. The instruction complained of, correctly states the law. It does not attempt to fix the amount of deposit. The entry of a deposit in a passbook to the credit of the depositor is in the nature of a receipt, and is prima-facie evidence that the bank has received the amount from the depositor and entered it to his credit. 1 Morse on Banks and Banking (3 Ed.), sec. 290, and quoted with approval in Quattrochi Bros. v.. Bank, 89 Mo. App. 508. The chief value of the bank book is that the depositor may have a species of check upon the bank, and may use it as evidence upon the occurrence of any dispute and lawsuit. 1 Morse on Banks and Banking, p. 502 (3 Ed.), sec. 291a; Quattrochi Bros. v. Bank, 89 Mo. App. 510. Defendant should have asked an instruction defining "a reasonable explanation of such entries"—not having done so, it will not be heard, at this time, to complain. Wheeler v. Bowles, 163 Mo. 398; Wood v. Kelly, 82 Mo. App. 598. An instruction may properly be predicated upon an admission of the party against whom it is given. Kelly v. Stewart, 93 Mo. App. 47. It is not error to fail to define words in instructions which a jury of ordinary intelligence understand. If appellant desires such words to be defined, he should ask the trial court to do it and unless he does he cannot complain on appeal. Kischman v. Scott, 166 Mo. 214; Henry v. Budecke, 81 Mo. App. 360; Crapson v. Wallace, 81 Mo. App. 680. (2) An examination of the entire instruction, we respectfully submit, will show that the court properly explained the phrase as to "the burden of proof." (3) We respectfully insist that there was no error committed by the court in regard to the rulings complained of.

GOODE, J.—This plaintiff asked and obtained a judgment for $197.10 against the defendant bank as being the balance due him on his account. Said action

was filed August 14, 1906. Defendant admitted owing only seventy-five cents, thereby putting in issue $196.35 of the amount. Plaintiff testified he had deposited said sum of $196.35 in the bank on May 14th, and an entry on his passbook made by the teller of the bank, as the teller admitted on the witness stand, showed a deposit to plaintiff's credit on said day, either of $196.35 or $190.35. There was a controversy as to whether the third figure of the entry was "6" or "0." However, the bank denied plaintiff made a deposit of either $196.35 or $190.35 on May 14, 1906, and introduced testimony to prove he did not deposit either sum. The bank's contention was that a man named Vossmeyer deposited $190.35 on May 14th, and this deposit by Vossmeyer was, by mistake, entered as a credit on plaintiff's passbook. After May 14th plaintiff did not hand in his passbook to the bank to be balanced until the middle of July, when, on comparing said book with his account as shown on the books of the bank, no entry corresponding to the deposit of May 14th was shown on the bank's books and hence the teller drew a line through said entry on the passbook before returning the latter to plaintiff, who, on seeing the erasure, protested against it. There was further testimony for the bank that no deposit of $196.35 was made by any one on the day in question, and that only one person (Vossmeyer) made a deposit of the other amount. It appears from the record the attorney for the bank, during the trial, admitted plaintiff had made a deposit of some amount not stated or known, on said day. This admission was made in explanation of how the teller came to make an entry, though an erroneous one, in plaintiff's passbook. Without going further into the details or stating the various deposits made by plaintiff and checks drawn by him from March 19, 1906 to July 27, 1906, the date of the last transaction shown, we will state the effect of the evidence and the admissions of defendant's counsel,

which is this: If plaintiff deposited $196.35 on May 14th, then the bank owed him said amount plus seventy-five cents, or the amount he sued for, $197.10. If he made a deposit of $190.35, then the bank owed him that plus seventy-five cents, or $191.10. If he did not deposit either of those sums, nevertheless the bank must have owed him more than seventy-five cents, the amount admitted in its answer to be shown by its books; for the books showed no deposit on May 14th and it is conceded he made a deposit on that day. The teller testified there was a surplus of forty dollars in cash at the close of the day's business, which could not be accounted for from the books of the bank and was put in an envelope and laid aside. Much evidence was introduced, including the testimony of various entries from plaintiff's account on the books of the bank, the deposit by Vossmeyer, testimony of the bank's officials as to the system of bookkeeping and the positive testimony of the teller that plaintiff did not deposit either $196.35 or $190.35 on May 14th, though, as said, the teller admitted plaintiff must have been in the bank and have presented his passbook. The points raised on the appeal relate to the court's rulings on instructions. The first instruction requested by defendant and refused by the court proceeded on the theory that plaintiff was not entitled to a verdict for more than seventy-five cents unless the jury found he had made a deposit of $196.35 on May 14th. This instruction manifestly was erroneous, because the concession of defendant's counsel that a deposit had been made by plaintiff on May 19th would carry the bank's liability to plaintiff beyond seventy-five cents. An instruction was given by the court of its own motion in which the jury were advised, in substance, as follows: That defendant admitted owing plaintiff seventy-five cents, admitted further he had made a deposit on May 14th, admitted its teller made the entries in plaintiff's passbook introduced in evidence, and in view of those admissions the only matter

in dispute and issue to decide was the amount of the deposit on May 14, 1906; that if the jury believed plaintiff deposited $196.35, they would find a verdict in his favor for $197.10, with interest from the date the action was filed; that if they believed he did not make a deposit on that day in said amount, they should determine from all the facts and circumstances in evidence the true amount deposited by him, add to said amount seventy-five cents and render a verdict for plaintiff for the sum, together with interest from the date the action was filed. With that part of the instruction we find no fault as the record stands; but the court then proceeded to charge as follows:

"The jurors are further instructed that the burden is upon plaintiff to prove his case by a preponderance, that is to say the greater weight of the evidence, and in this connection you are instructed that the entries made by defendant on plaintiff's passbook are admissions by defendant company that the amounts so entered were deposited by plaintiff with defendant. When the amounts so entered are disputed by defendant, it devolves upon the defendant to furnish to your satisfaction a reasonable explanation of such entries."

We cannot support the quoted part of the instruction, because it singled out the entries in the passbook and commented on them in a way to give them undue weight and emphasis in the minds of the jury. The entries made a prima facie case in favor of plaintiff and would have done so on proof they were made by the bank's officers, apart from his positive testimony in corroboration of them. But as the bank cancelled the entry of May 14th, on first detecting it, and offered a mass of testimony tending to prove it was erroneous, the entry cannot be regarded as an admission. However it was perfectly proper for the entry to go in and have attached to it the importance the jury might deem it deserved, considered along with all the other evidence in the case. [McKeen v. Bank, 74 Mo. App. 289; Quat-

trochi v. Bank, 89 Mo. App. 500; Bank v. Morgan, 117 U. S. 106; First Nat'l Bank v. Clark, 134 N. Y. 368; Tallcot v. Bank, 36 Pac. 1066; 1 Morse, Banks (4 Ed.), sections 290, 291.] We think in instructing the entry was an admission the amount entered had been deposited by plaintiff, the court gave over-emphasis and weight to it. The courts of this State in numerous cases have condemned instructions which seized on some item of evidence bearing on an issue and lent to it undue prominence by comments. [Barr v. Kansas City, 105 Mo. 559, 16 S. W. 483; State v. Elkins, 63 Mo. 166; Connelly v. Railroad, 120 Mo. App. 652, 97 S. W. 616; Williams v. Stephens, 38 Mo. App. 158.] Some of those decisions dealt with errors assigned for commenting on documentary evidence and disapproved the practice. We have been reluctant to reverse the case, but have concluded we cannot feel sure the jury were not induced to attach overmuch importance to the entry in the passbook by the form of the court's instruction.

The judgment is reversed and the cause remanded. All concur.