# DUGE DONIJANOVIC, Respondent, v. PETER HARTMAN, Appellant.

**St. Louis Court of Appeals.    Argued and Submitted November 12, 1912.    Opinion Filed December 14, 1912.**

1. **BANKS AND BANKING: Action by Depositor: Repayment: Question for Jury.** In an action against a private banker to recover the balance of a deposit, *held* that the question whether the deposit had been repaid was for the jury.

2. **——: ——: Demand: Presentation of Bank Book: Waiver of Requirement.** Although it was agreed between a private banker and a depositor, that, in order to withdraw a deposit, the depositor must present his bank book to the banker, yet where, in an action by the depositor to recover the balance of his deposit, the defendant pleaded payment as a defense, presentation of the bank book was not a prerequisite to a recovery, since its production would have been useless, and the law never requires the doing of a useless thing.

3. **APPELLATE PRACTICE: Binding Effect of Theory at Trial.** Where, in an action against a private banker to recover the balance of a deposit, defendant tries his case on the theory that he had repaid the deposit, he will not be permitted to raise the question, on appeal, that no legal demand was proved.

4. **BANKS AND BANKING: Action by Depositor: Repayment: Burden of Proof.** In an action against a private banker to recover the balance of a deposit, defended on the ground of payment, the burden of proving payment was upon the defendant.

5. **EVIDENCE: Admissions: Fixing Time of Admission.** In an action against a private banker to recover the balance of a deposit, defended on the ground of payment, testimony of a conversation defendant had with the witness, in which he stated that plaintiff had never had any money on deposit with him, is *held* to have been properly admitted, as against an objection that it did not definitely fix the time when the conversation occurred; the witness having fixed the time as definitely as he could.

6. **BANKS AND BANKING: Action by Depositor: Evidence.** In an action against a private banker to recover the balance of a deposit, testimony of defendant that he owned the business or premises and there carried on a banking business was immaterial and irrelevant, and hence the court did not err in striking it out.

7. **TRIAL PRACTICE: Evidence: Repetition.** The repetition of testimony is so far discretionary with the trial court that the

Donijanovic v. Hartman.

appellate court will not interfere, unless there was gross abuse of such discretion; and hence where interpreters, in an action against a private banker to recover a deposit, had given a confused translation of the contents of plaintiff's bank book, there was no error in having defendant read and translate it again at the instance of counsel for plaintiff.

8. **APPELLATE PRACTICE: Review: Weight of Evidence.** The question whether a verdict should be set aside as being so manifestly against the weight of the evidence as to indicate prejudice on the part of the jury is entirely within the discretion of the trial court, and that court's approval of the verdict will be accepted by the appellate court.

Appeal from St. Louis City Circuit Court.—*Hon. Leo. S. Rassieur,* Judge.

AFFIRMED.

*Hall & Dame* for appellant.

(1) The court erred in overruling defendant's instruction to find for defendant on plaintiff's cause of action at the close of the whole case. (a) Because there was not any evidence in the case either direct or inferential that any demand was made upon the defendant by plaintiff at defendant's place of business before the institution of this suit. In fact, all of the evidence of the plaintiff and of the defendant tends to prove conclusively that no demand at the defendant's place of business was ever made by the plaintiff with his bank book, or never at any time or any place did plaintiff present his bank book to defendant after the first $100 was withdrawn previous to this suit for purpose of withdrawing. Landis v. Saxton, 105 Mo. 491. (2) The court erred in giving instruction B, No. 11, on burden of proof for plaintiff. (a) Because it singled out and commented on this feature of the case and gave it undue prominence. This was manifestly erroneous and prejudicial to defendant. This has been held unfair by a long list of decisions. Fine v. Public Schools, 30 Mo. 175; Jones v. Jones, 57 Mo. 138; State

v. Elkins, 63 Mo. 166; Barr v. State, 105 Mo. 559; Smith v. Woodmen of the World, 179 Mo. 137; Lucks v. Bank, 148 Mo. App. 376. (b) The instruction is too general, and does not set out directly or indirectly, in stating that the burden of proof of payment is on the defendant, what payment is referred to. Such instruction is misleading. Wood v. Fleetwood, 19 Mo. 529. (3) The court erred in allowing witness John Nickovich for plaintiff to testify concerning an alleged conversation with the defendant without fixing the time of such alleged conversation, because such statements of defendant would be incompetent and irrelevant and immaterial unless it is first shown that the conversation took place during the time the alleged $200 was in the custody of the defendant. (4) The court erred in striking out testimony of defendant that he owned premises at 1718 South Second street, because, although defendant was being sued by a civil action for money, still he should have been permitted to say whether he owned the premises, as such testimony was admissible as a circumstance which the jury might consider in determining whether or not the defendant was able to and did return the $200 to plaintiff. Seligman v. Rogers, 113 Mo. 642. (5) The court erred in allowing plaintiff's counsel to have the contents of the bank book, plaintiff's Exhibit "A" retranslated and reread to the jury, because it gave undue prominence to this feature of the case and such reiteration has been held unfair and reversible error. Lucks v. Bank, 148 Mo. App. 376. (6) The court erred in overruling defendant's motion for new trial and failing to set the verdict for plaintiff aside. (a) Because the verdict is manifestly against the evidence as shown by the attending facts of the case. Neil v. Store Co., 149 Mo. App. 53. (b) The verdict is the result of passion and prejudice of the jury. Lehmick v. Street Ry. Co., 118 Mo. App. 611; Majors v. Parkhurst, 124 Mo. App. 107; Joy v. Cole, 124 Mo. App. 569; R. S. 1909, sec. 2083.

(c) The verdict is grossly contrary to the evidence. Knapp v. Hanley, 153 Mo. App. 169.

*William Baer* for respondent.

(1) The court did not err in overruling appellant's demurrer to the evidence. Respondent testified he had made several demands upon appellant for the money deposited by him with appellant. Appellant based his refusal to pay, not because of failure of demand by presenting his bank book at appellant's usual place of business, but because appellant claimed he had paid respondent. The only defense made was payment. The case was tried upon this theory, and appellant cannot for the first time change his theory of defense in the appellate court. Minton v. Steele, 125 Mo. 181; McGurry v. Wall, 122 Mo. 614; Walker v. Owen, 79 Mo. 563; Wilson v. Gibson, 63 Mo. App. 656; Hall v. Goodnight, 138 Mo. 576; Guntley v. Stead, 77 Mo. App. 155; Wicket v. Railroad, 135 Mo. App. 661; Williams v. Lobban, 206 Mo. 399; St. Louis v. Contracting Co., 210 Mo. 491. (2) Want of demand to be available to a defendant must be pleaded, and accompanied by a tender of the amount that is due, in which case interest and court costs cease if the amount recovered is no greater than that tendered. Appellant pleaded in this case, therefore is confined to the issues made. R. S. 1909, sec. 2283. (3) The court did not err in giving respondent's instruction marked "B, No. II." It properly declared the law. The burden of proof of payment is always on the person asserting it as a defense. Miller v. Snyder, 149 Mo. App. 101; Ferguson v. Dalton, 158 Mo. 323; Supply Co. v. Wolff, 127 Mo. 616; Yarnell v. Anderson, 14 Mo. 619; Griffith v. Creighton, 61 Mo. App. 1; Phillips v. Barnes, 105 Mo. App. 428; Barrett v. Kern, 141 Mo. App. 22. Respondent by said instruction simply and concisely stated the law; it did not single out certain portions of the evidence.

Had this been done, it would have been error. Lucks v. Northwestern Savings Bank, 148 Mo. App. 376. (4) The court did not err in allowing witness John Nikovitch to testify concerning an alleged conversation with the defendant. The witness testified it occurred in the year 1909, but was unable to give the month, whereupon the court permitted him to answer the question. This was all that could be required. His testimony could not be made incompetent because he failed to remember the month in which a certain conversation took place. This is hornbook law. (5) The court properly ordered stricken out the testimony that defendant owned property in the city of St. Louis. This was an action of debt, in which the single and sole issue was payment. There was no possible relevancy in testimony showing that appellant was an owner of real estate. Besides the proof of the ownership of real estate is a matter which is susceptible of better proof than the mere statement, and the testimony was ojectionable on that ground. Atwood v. Scott, 99 Mass. 177; Bank v. Stewart, 114 U. S. 224. (6) The court did not err in allowing respondent's counsel to ask appellant to translate for the jury the contents of the bank book. (a) Because appellant offered simply a general objection in the language "I object." (b) Because no exception was saved to the adverse ruling of the court. (c) Because appellant conceded the competency of the testimony and objected on the sole ground that the same testimony had once before gone in; and no abuse of discretion in the trial court is claimed or shown. (7) This court will not set aside a verdict if there is substantial evidence to support it. The conflict in the evidence was for consideration by the jury, not by an appellate court. The jury having found in favor of respondent, this court will not interfere with its verdict, there being substantial evidence upon which to predicate it. Morris v. Williams, 131 Mo. App. 370; Shearer v. Hill, 125 Mo. App. 375; St. Louis

v. Eagle Packet Co., 214 Mo. 638; Phippin v. Railroad, 196 Mo. 321; Franklin v. Railroad, 188 Mo. 533.

REYNOLDS, P. J.—Plaintiff brought this action before a justice of the peace to recover $200. In the petition filed with the justice it is stated that on the 14th of April, 1907, defendant was engaged in the banking business and as such received from plaintiff on deposit $300, agreeing with plaintiff to return it to him on demand; that plaintiff had received $100 on the 28th of April, 1907, and had afterwards demanded of defendant the return of the balance but defendant had failed and neglected and refused to pay the same. Judgment was prayed for the $200 and interest from the date of demand.

Defendant filed an answer before the justice which was, first, a general denial, then a counterclaim for $39.40 claimed to be due by plaintiff to defendant.

Apparently, although the abstract of the record does not set this out, plaintiff recovered before the justice, and defendant appealed to the circuit court. There, on a trial before the court and a jury, a verdict was returned in favor of plaintiff for the $200, and for defendant for the $39.40, judgment being rendered in favor of plaintiff for the difference. Filing a motion for new trial and excepting to its being overruled, defendant has perfected his appeal to this court.

It appears from the evidence in the case that defendant was carrying on a kind of private banking business, not as a licensed banker, but for the accommodation of his customers, his regular business being that of a butcher and grocer. Plaintiff deposited $300 with him on the date specified in the petition or statement and received a passbook or bank book from defendant, on which was printed or written in Croatian that defendant was a banker and also carried on steamship and railroad ticket exchange, and that every one depositing

169 Mo. App.—14

money or drawing money from defendant must bring this book when he wanted to do either. There was testimony on behalf of plaintiff tending to show that a few days after he had made the deposit of $300, he had withdrawn $100, that amount being entered in this book, and that this was all he had ever drawn from defendant, plaintiff testifying that not having occasion for the other $200, he made no demand for it until some two years after the deposit, when some trouble appears to have occurred between him and defendant as to the payment of a store account and for rent; that he had then demanded the $200, and that defendant denied that he owed it. There was also testimony of another witness, to the effect that defendant denied owing plaintiff anything. It was admitted at the trial that plaintiff did owe defendant an account for groceries and rent, these items being the $39.40 set up by way of counterclaim. It was not pretended that plaintiff had either shown the bank book to defendant or made demand at his store or shop. The testimony of defendant and of a witness he produced was to the effect that defendant had in fact paid plaintiff the $200 a short time after its deposit and had entered the fact in a book he, defendant, kept, but which he testified he had since lost. In brief, there was a direct conflict between the stories of plaintiff and defendant as to the payment of the money, so that the case was clearly for the determination of a jury, depending for its solution upon the credit given the witnesses.

Complaint is made before us that no legal demand had been proven in this case, and that there was no evidence that the bank book had been presented when the demand for withdrawal had been made, it being claimed that presentation of the book was a part of the contract between plaintiff and defendant. Landis v. Saxton, 105 Mo. 486, l. c. 491, 16 S. W. 912, is cited in support of this. We do not find anything in that case which sustains this proposition; on the contrary, it is there said

quoting from a New Hampshire case, that "where an obligation to pay is complete, a cause of action at once arises and no demand is necessary." Over and above this, production of the book as a prerequisite to a right of withdrawal and of action is out of this case. Defendant pleaded and attempted to prove payment— stood on that defense. Presentation of the bank book, under such facts, would have been useless, and the law never requires the doing of a useless thing. Defendant tried his case in the circuit court on the theory that he had paid the money. He cannot now and for the first time raise the question of lack of demand.

Complaint is made of the instruction which the court gave at the instance of plaintiff as to the burthen of proof. That instruction, in substance, told the jury that the burthen of proving payment is upon defendant and that unless the jury believed from the evidence in the case that defendant had established that issue by a preponderance of the evidence, that is the greater weight of the evidence, their verdict as to that issue should be in favor of plaintiff. Counsel rely in support of the assigned error in giving the instruction on Lucks v. Northwestern Savings Bank, 148 Mo. App. 376, 128 S. W. 19. Comparison of the instruction there condemned, which will be found at page 382, with the instruction given in the case at bar and above set out, shows that they are entirely different. The instruction in the Lucks case was condemned by this court because it singled out certain facts in the case and directed particular attention to them. Nothing of that kind appears in the instruction under consideration.

Error is assigned to the action of the court in allowing a witness to testify concerning an alleged conversation which he had with defendant, in which conversation defendant stated, as testified to by the witness, that plaintiff never did have any money on deposit with him. The complaint lodged against the admission of this evidence is that it did not definitely fix the time at

which the conversation was had. Examining that evidence, we do not think this objection is tenable. The witness was questioned about when the conversation took place and gave the time as definitely as he could, we think sufficiently so to make the evidence admissible.

It is complained that the court erred in striking out the testimony of defendant that he owned the business or premises he was carrying on. The court excluded this as irrelevant and immaterial to any issue in the case. We are unable to see any error in this ruling.

Error is assigned to the court allowing the contents of the so-called bank book to be retranslated and reread to the jury. We see no error in this. It is quite apparent from an examination of the abstract that the interpreters who had previously been used were not very well versed in English and had given a rather confused translation of the original into English. When defendant himself was on the stand, counsel for plaintiff had him read and translate the matter to the jury. This was objected to as a mere repetition of testimony formerly given. The repetition of testimony is a matter so entirely within the discretion of the trial court that we would not think of interfering unless there was a gross abuse of that discretion, and we see none here.

It is finally urged that the verdict should be set aside because it is so manifestly against the weight of the evidence and contrary to the evidence as to indicate that it is the result of passion and prejudice on the part of the jury. That is a matter entirely within the discretion of the trial court and that court having passed adversely on this contention, we accept its conclusion, adding that on consideration of the testimony, as presented in the abstract before us, it creates no doubt whatever in our mind as to the correctness of the action of the trial court.

It follows that the remaining assignment of defendant, appellant here, that the motion for new trial should have been sustained in untenable.

The judgment of the circuit court is affirmed. *Nortoni* and *Caulfield, JJ.,* concur.

