MORRIS H. MANN, Respondent, v. ARNOLD A. WEISS et al., Appellants.

St. Louis Court of Appeals.    Argued and Submitted October 8, 1914.    Opinion Filed November 3, 1914.

1.  CONVERSION: Acts Constituting.   An action for the conversion of a chattel is maintainable notwithstanding defendant's possession was rightful in the first place, if that possession, after demand made for the return of the chattel, becomes tortious.

2.  ———: Trover: Common-Law Action.   The common-law action of trover is an action whereby the owner of personal property may recover damages against a person who has committed the wrong of conversion with respect to the property,

and it is founded on the fictitious basis that defendant came rightfully into possession of the property and then wrongfully converted it to his own use.

3. ———: **Variance between Pleading and Proof.** In an action for conversion, *held* that there was neither a failure of proof nor a variance between the pleading and the proof.

4. ———: **Acts Constituting.** Where a chattel was left by plaintiff with defendants for sale on plaintiff's account, and defendants permitted it to get out of their possession without selling it, so that it was lost to plaintiff, they were liable as for a conversion.

5. **APPELLATE PRACTICE: Cnclusiveness of Verdict: Passion and Prejudice.** The appellate court cannot set aside a verdict merely because it is against the weight of the evidence; but if the evidence shows that the verdict was the result, not of judgment, but of passion and prejudice, the appellate court has the right to set it aside.

6. ———: ———: ———. In an action for the conversion of a ring left by plaintiff with defendants for sale on plaintiff's account, where plaintiff's testimony was sufficient, if believed, to establish every fact essential to his recovery, although it was flatly contradicted by that on behalf of defendants, and the verdict was for a less amount than the uncontradicted evidence showed the value of the ring to have been, *held* that a verdict for plaintiff will not be set aside by the appellate court as being the result of passion and prejudice.

7. **TRIAL PRACTICE: Conflicting Evidence: Question for Jury.** Where the evidence is conflicting, the question is for the jury.

8. **EVIDENCE: Bringing Out Entire Conversation.** Where defendants, on cross-examination of a witness for plaintiff, brought out part of a conversation, it was proper to permit plaintiff, on re-direct examination, to bring out the entire conversation, even though it consisted of self-serving declarations on the part of plaintiff.

9. **CONVERSION: Instructions.** In an action for conversion, *held* that instructions given on behalf of plaintiff were not vulnerable to the objection that they commented on the evidence, singled out facts, assumed the existence of disputed facts, or failed to require a finding on matters of defense.

10. **APPELLATE PRACTICE: Conclusiveness of Finding.** A finding by the trial court, on a hearing on a motion for a new trial, that plaintiff's counsel, during his argument to the jury, had not made certain remarks, as alleged by defendants' af-

fidavits, which finding was supported by plaintiff's affidavits, is conclusive on the appellate court.

11. **TRIAL PRACTICE: Remarks of Court: Argument of Counsel.** In an action for conversion, *held* that remarks made by the trial judge and remarks made by the attorney for respondent in his argument to the jury were not erroneous.

Appeal from St. Louis City Circuit Court.—*Hon. George H. Shields,* Judge.

AFFIRMED.

*Arnold Loewenstein* for appellants.

(1) The demurrer to the evidence offered by defendants at the close of plaintiff's case should have been sustained, for there was a total failure of proof by plaintiff of the cause of action pleaded in his petition. (a) The proof must conform with the pleading; a party cannot declare on one cause of action and recover on another. And where the petition is for the wrongful conversion of property and the proof establishes a different cause of action, there is a failure of proof of the cause of action pleaded, and plaintiff should be nonsuited. 38 Cyc., page 2076d; Woods Machine Co. v. Woodcock, 43 Wash. 317; Moore v. McKibbin, 33 Barbour 246; Ransom & White v. Wetmore, 39 Barbour 104; Ensworth v. Barton, 60 Mo. 511; Priest v. Way, 87 Mo. 16; Huntington v. Herman et al., 111 N. Y. App. Div. 875; Adams v. Railroad, 149 Mo. App. 278; Compton v. Railroad, 147 Mo. App. 414. (b) A delivery of an article at a fixed price to be paid for or returned constitutes a sale. The transaction disclosed by plaintiff's evidence was in effect a sale of the diamond ring in controversy from plaintiff's agent to the defendants, and plaintiff's cause of action, if any, is for the sale and delivery of the diamond ring in question. Hotchkiss v. Higgins, 52 Conn.

205; Buswell v. Bicknell, 17 Me. 344; Stoneman v. Van Vechten, 61 N. Y. Suppl. 513, affirmed in 165 N. Y. 666; Crocker v. Gullifer, 44 Me. 491; Hunt v. Wyman, 100 Mass. 198; Cooper Wagon & Buggy Co. v. Wooldrige, 98 Mo. App. 648. (c) To establish a cause of action in conversion plaintiff must show that at the time of the alleged conversion he had possession of the property in controversy or the right to the immediate possession thereof. And if the proof establishes that the defendant was in lawful possession of the property at the time of the alleged conversion, and was authorized to dispose of the same, then the suit in conversion cannot be maintained. 38 Cyc., pages 2009, 2044, 2061; Woods Machine Co. v. Woodcock, 43 Wash. 317; Hardy v. Munroe, 127 Mass. 64; Stoneman v. Van Vechten, 61 N. Y. Suppl. 513, affirmed in 165 N. Y. 666; Ransom & White v. Wetmore, 39 Barbour 104; Schwald v. Brunjes, 139 Mo. App. 516; Central Mfg. Co. v. Montgomery, 144 Mo. App. 494; Newman v. Mercantile Trust Co., 189 Mo. 423. (2) While as a general rule appellate courts will not set aside a verdict merely on the ground that it is against the greater weight of evidence, however, when the preponderance of the evidence is so overwhelming against the verdict as to necessarily imply prejudice, passion or partiality, they will not hesitate to interfere. Lehnick v. Railroad, 94 S. W. 996; Spohn v. Railroad, 87 Mo. 84; Friesz v. Fallon, 24 Mo. App. 439; Weinberg v. Railroad, 139 Mo. 286; Empey v. Cable Co., 45 Mo. App. 422; Neil v. Cunningham, 149 Mo. App. 531; Duggan v. Railroad, 46 Mo. App. 266. (3) A party's declarations in his own favor are irrelevant and inadmissible. And the unsworn statements of an agent made in favor of the principal cannot be used by the latter as evidence of the fact asserted in them. And they are not made admissible even though brought out in cross-examination. And a party who, on cross-examination, briefly questions a witness as to matters testified to on direct ex-

amination is not thereby barred of his right to object to the further introduction of evidence like that brought out on the cross-examination. 16 Cyc., page 1202 (2); 4 Chamberlayne Modern Law of Evidence, page 3752, secs. 2734, 2735; Rourke v. Railroad, 221 Mo. 46; Dickson v. Grissom, 4 La. Ann. 538; Royal Mining Co. v. Royalty Casualty Co., 161 Mo. App. 185; Gardner v. Railroad, 223 Mo. 389; Byrne v. Feed Co., 143 Mo. App. 85; Hitt v. Hitt, 150 Mo. App. 631; Mulliken v. Greer, 5 Mo. 489; McLean v. Rutherford, 8 Mo. 109; Nelson v. K. C., etc., 66 Mo. App. 647. (4) The instruction given by the court at the request of plaintiff is erroneous: (a) Because it is a mere running comment on the plaintiff's evidence and unduly emphasizes certain testimony offered by the plaintiff. Simmons Hdw. Co. v. Fighting the Flames Co., 135 Mo. App. 266; James v. Ins. Co., 135 Mo. App. 247; Bank v. Enderle, 133 Mo. App. 222. (b) Because it has no evidence to support it. Gregmore Orchard Co. v. Gilmour, 159 Mo. App. 204; Settles v. Moore et al., 149 Mo. App. 724; Gronweg et al. v. Estes, 143 Mo. App. 418; Scheurer v. Rubber Co., 227 Mo. 347. (c) Because it assumes the existence of facts which are not in the case. Glaser v. Rothschild, 221 Mo. 180; Neas v. Railroad, 138 Mo. App. 484; Williamson v. Wabash, 139 Mo. App. 481; Simon v. Railroad, 231 Mo. 65; Flyn v. Tr. Co., 113 Mo. App. 185. (d) Because it purports in detail to cover the entire case and omits matters of defense. Kelly v. City of St. Joseph, 170 Mo. App. 358; Warrington v. Kallauner, 135 Mo. App. 5; Zeis v. St. L. Brew Assn., 205 Mo. 638; Thornton v. Mesereau, 168 Mo. App. 1 (5) If, in course of the trial of a case, a party or his counsel do an improper act with the design to bias and influence any of the jurors, their verdict in his favor will be set aside as a punishment to him and no inquiry will be made whether the improper act prejudiced or tainted the verdict or not. Kennedy v. Holladay, 105 Mo. 24; Mc-

Graw v. O'Neil, 123 Mo. App. 691; Larson v. Levy, 57 S. W. 52; Johnson v. Porter, 2 Harrington's, 325; Hilliard on New Trials, page 202; 2 Thompson on Trials, page 1839, sec. 2559.

*Abbott & Edwards* for respondent.

(1) The transaction in question was a consignment, not a sale. McCullough v. Porter, 4 Watts & S. (Pa.), 177; Packard Piano Co. v. Williams, 167 Mo. App. 515; Williston on Sales, page 535; Mechem on Sales, section 20; Benjamin on Sales (5 Ed.), page 4; State v. Betz, 207 Mo. 589; Wier Plow Co. v. Porter, 82 Mo. 23; Sturm v. Baker, 150 U. S. 328. (2) The fact that a contract provides that the receiver of goods may fix the selling prices and may retain the difference between the agreed prices of the accounting and the selling price to recompense him for insurance, storage, commission and expenses, does not constitute the contract an agreement of sale. Packard Piano Co. v. William, 167 Mo. App. 515. (3) Conversion is any distinct act of dominion wrongfully exerted over another's personal property in denial of or inconsistent with his rights. Belvy v. Jones, 136 Pa. 414; Wilkinson v. Misner, 158 Mo. App. 555. (4) One who pawns merchandise placed with him on consignment for sale is guilty of conversion. Schwartz v. Clark, 136 Ill. App. 150; State v. Samuels, 111 Mo. 566; Wilkinson v. Misner, 158 Mo. App. 555; New Orleans v. DeLizardi, 2 La. Ann. Rep. 289; Ainsworth v. Partillo, 13 Ala. 460; Haas v. Damon, 9 Ia. 589; Zulick v. Markham, 6 Daly's Reports 129; Thrall v. Lathrop, 30 Vt. 307; Haines v. Chappell, 1 Ga. App. 480. (5) Plaintiff was entitled to the possession of the stone at the time of the conversion as defendant had no right in the premises whatever, except to perform the agency delegated. Wilkinson v. Misner, 158 Mo. App. 556. (6) The verdict is not against the weight of the evidence. Appel-

lants' contention that it is so manifestly against the weight of the evidence and contrary to the evidence as to indicate that it is the result of passion and prejudice on the part of the jury, is not properly addressed to this court, for that is a matter entirely within the discretion of the trial court, and that court having passed adversely on this contention, the appellate court will accept its conclusion. Donijanovic v. Hartman, 169 Mo. App. 204. (7) No error was committed in admission of testimony. (8) The instructions fully and properly covered the case. (9) As shown by the affidavits of counsel for respondent and of the twelve jurors, counsel did not misconduct himself. This point was disallowed to appellant by the trial court. Benjamin v. Street Railway, 245 Mo. 598.

REYNOLDS, P. J.—The petition in this case is in the usual form, in tort to recover damages for unlawful conversion by defendants of a diamond ring, alleged to be the property of plaintiff and of the value of $700. The answer was a general denial. The cause was tried before the court and a jury. At the close of plaintiff's evidence in the case defendants demurred, on the ground of a total failure of proof. The court refused the demurrer, plaintiff excepting. The jury, after being instructed by the court, returned a verdict in favor of plaintiff, assessing damages at $500, from which defendants have duly perfected their appeal to this court.

Here appellants assign five errors. The first is to the refusal of the court to give the demurrer interposed at the close of plaintiff's case, it being argued that there was a total failure of proof of the cause of action pleaded; that the proof must conform to the pleadings and that the transaction here shown was the delivery of an article at a fixed price to be paid for or returned and that that constitutes a sale, and that to sustain an action as in trover for conversion, plain-

tiff must show that at the time of the alleged conversion he had possession of the property in controversy, or the right to immediate possession thereof, and if the proof establishes that defendants were in lawful possession of the property at the time of the alleged conversion and were authorized to dispose of the same, then the suit on conversion cannot be maintained.

Taking up the position of counsel as to what is necessary to sustain an action in trover for conversion, we cannot agree with counsel. The possession may be rightful in the first place, but if that possession, after demand made for the return of the article, becomes tortious, then the tort-feasor is liable. The common law action of trover, is an action "whereby the owner of personal property may recover damages against a person who has committed the wrong of conversion with respect to the property." [28 Am. & Eng. Ency. Law (2 Ed.), par. 1, p. 646.] It is founded "on the fictitious basis that the defendant came rightfully into possession and then wrongfully converted the property to his own use." [Ibid, par. 5, p. 560.] Conversion is the gist of the action.

An instructive case, applicable here as to some of these positions taken by counsel, is that of Hall et al. v. Boston & Worcester R. R. Corporation, 14 Allen (Mass.), 439. That was an action in tort against the defendant, a railroad corporation, for the conversion of twenty-eight barrels of flour. The barrels of flour were in the lawful possession of the railroad corporation which made a wrongful delivery of them to an unauthorized person. The true owner suing for the conversion, a recovery was sustained, the court holding (l c. 443): "A misdelivery of property by any bailee to a person unauthorized by the true owner is of itself a conversion, rendering the bailee liable in trover, without regard to the question of due care or degree of negligence. This is a well established legal principle, applicable to every description of bailment."

Our own courts have in many cases defined conversion as applicable to the act here involved, as see Wilkinson v. Misner, 158 Mo. App. 551, l. c. 555 et seq., 138 S. W. 931, and cases there cited.

Nor is the proposition of counsel that the demurrer interposed at the close of plaintiff's case should have been sustained, maintainable for any of the reasons assigned. We do not find either a total failure of proof of the cause of action pleaded, or that plaintiff has pleaded one cause of action and that the verdict awards a recovery on another. According to the evidence in behalf of plaintiff the transaction was a depositing of the ring by the agent of plaintiff with defendants, not by way of a sale to them, as counsel here argue, but for the purpose of having them sell it for plaintiff's account. If, instead of selling it and accounting for the proceeds, or failing to sell it, they suffered it to go out of their possession, so that it was lost to plaintiff, defendants are liable as for the conversion.

The second assignment challenges the verdict as being contrary to the preponderance of the evidence, that preponderance, it being urged, being so overwhelmingly against the verdict as to necessarily imply prejudice, passion and partiality. Practically, and in the first place, this challenges the verdict as against the weight of the evidence. We, as an appellate court, cannot set aside a verdict merely on the ground that it is against the weight of the evidence or the greater weight of the evidence. Nor can we agree that the evidence is so overwhelmingly in one direction as to allow us to overturn the verdict. The questions as to its weight, as to its preponderance, are all questions entirely for the determination of the trial court. Can we disturb it as evidencing passion and prejudice? In Donijanovic v. Hartman, 169 Mo. App. 204, l. c. 212, 152 S. W. 424, we said that the question of whether the verdict was the result of passion and prejudice on the part of the jury was for the trial court. That was

an inadvertent misstatement of the law. It will be seen that we did, in that case, pass on that question. [See Franklin v. St. Louis & Meramec River R. R. Co., 188 Mo. 533, 87 S. W. 930. To the same effect is Cook v. Globe Printing Co., 227 Mo. 471, l. c. 539 et seq., 127 S. W. 332.] According to the law as announced in these cases, if we, as an appellate court, are convinced from an examination of the evidence, that the verdict is the result, not of judgment, but of prejudice or passion, we are not bound by it nor by the action of the trial court in overruling a motion for a new trial.

We have read the testimony in the case with great care and attention. Taking the statement made of it by counsel for appellants, it shows flat contradictions on every important fact. On this testimony, the jury found for plaintiff. The jury had the witnesses before them. They were the body to determine which version was correct; who told the truth. If the testimony for plaintiff was true and so believed to be by the jury, plaintiff was clearly entitled to recover. According to that testimony, plaintiff's agent left the diamond ring with defendants for sale, of course to account to plaintiff for the proceeds. Defendants on demand refused to either return the diamond or to account for and pay over its value. The testimony in behalf of defendants was to the effect that the ring had never been left with them, but with another for whom they were not responsible and with whom they had no connection. That plaintiff was out the ring and its value was not controverted. On such conflicting evidence the case was absolutely one for the jury. Because it accepted and acted on one version rather than on the other affords no evidence of prejudice or passion sufficient to warrant us in disturbing the verdict. Certainly the amount awarded fails to show prejudice or passion. The uncontradicted evidence showed the value to be about $677; the verdict is for $500.

Mann v. Weiss.

The third assignment of error is to the effect that a party's declarations in his own favor are irrelevant and inadmissible. The application sought to be made of this proposition is, that on cross-examination, defendants having elicited certain testimony from the witness, counsel for plaintiff in redirect examination went further into the matter. We have many times held that when proper objection has been made and in spite of that the testimony has been admitted, the party does not lose the benefit of his objection by endeavoring to break down that testimony by cross-examination. That, however, is not the case here. The testimony complained of relating to a conversation between the witness and another party was, in part, brought out in cross-examination by counsel for defendants. In re-examination, counsel for plaintiff asked for the whole conversation. The court allowed this. We see no error here.

The fourth error is to the action of the court in giving an instruction which he did at the request of plaintiff. This instruction is criticized as being a running comment on plaintiff's evidence, unduly emphasizing certain testimony offered by plaintiff as being unsupported by any evidence; assuming facts, the existence of which are not in the case, and, in purporting in detail to cover the entire case while omitting matters of defense. We do not find the instruction amenable to these charges. With reference to this last part of it, that purporting to cover the entire case, that it omits matters of defense, not only do we fail to find that to be so, but we find, in instructions given by the court at the instance of defendants, that defendants' theory and view of the case were put before the jury by the court in very clear language and in as favorable terms as defendants could possibly have asked.

The last assignment of error is on what is alleged to be improper action of counsel for plaintiff before the jury. This turned on matters of fact, prin-

cipally as to whether that counsel had improperly made remarks to the jury while exhibiting telegrams which were in evidence. Affidavits were introduced as to whether this had occurred. As the finding of the trial court was against the affidavits offered by defendants and is also supported by affidavits in behalf of plaintiff, we cannot question the conclusion on this fact.

Under this same assignment is also included attacks upon remarks made to the jury by counsel for plaintiff in his argument, and in one instance, to a remark of the court. We find no error in either of these particulars.

Finding no reversible error in this case, the judgment of the circuit court must be and is affirmed. *Nortoni* and *Allen, JJ.,* concur.

