T. M. REED, APPELLANT, *v.* S. M. GENTRY AND JOHN COPPITT, RESPONDENTS.

VERDICT—PRESUMPTION.—The verdict of a jury will be presumed to be as broad as are the issues of fact upon which it was found.

APPEAL from Benton County. The facts are stated in the opinion of the court.

*F. A. Chenoweth*, for appellant.

*John Kelsay and J. K. Weatherford*, for respondents.

By the Court, PRIM, J.:

This is a suit in equity, and appellant, for cause of suit, alleges substantially that he and respondent, Gentry, on September 15, 1876, entered into a written agreement by which said Gentry leased certain lands of appellant in Benton county, for the period of two years, commencing at the date of said lease. The lands to be farmed in a certain manner, which is fully set out in the complaint. Appellant was to have one third of the grain raised on the land, which was to be delivered by said respondent in the warehouse at Corvallis, and one half of the hay in the barn. Appellant was to hold all the grain on the place as security for the faithful performance of the contract on the part of respondent Gentry. That said respondent had violated and broken the contract in the manner and form of farming the same in

32

various way to appellant's damage in the sum of five hundred and ten dollars.

It is further alleged that respondent, Gentry, had made a secret assignment and sale of said crops to one John Coppitt, who was secretly combining with said Gentry to cheat and defraud appellant out of his lien on the crops raised upon said land by respondent Gentry. Appellant filed bonds and procured injunction to issue and a receiver to be appointed who took possession of all the crops raised on the land and harvested the same.

The answer of respondents denies all the allegations of appellant's complaint, and claims that the sale of the crops to respondent Coppitt was made in good faith and for a valuable consideration; but that it was intended as a chattel mortgage to secure certain amounts due from him to Coppitt. It is further alleged, in the separate answer of respondent Gentry, that on or about the tenth day of August, 1877, appellant wantonly and wrongfully filed the complaint in this suit, and took exclusive possession of all the crops growing on said lands; and that by the careless and negligent manner in which it was harvested the respondents were damaged in the sum of seven hundred and seventy-three dollars.

The appellant replied to respondents' further and separate answer, denying all the allegations of new matter. The cause coming on for trial, the court ordered the following facts to be inquired into by the verdict of a jury:

1. Did or did not S. M. Gentry, one of the defendants, violate the terms of the contract set up in the complaint as therein charged, and if he did so violate said contract, how much, if any amount, was plaintiff damaged thereby?

2. Did John Coppitt, one of the defendants, purchase the crop described in the complaint and answer in good faith for a valuable consideration, and without notice or knowledge of the contract set up in the complaint, and that said S. M. Gentry has violated the same, and that plaintiff was damaged as alleged in his complaint?

3. Did or did not plaintiff wrongfully take possession of the crops described in the answer, as therein alleged, and

if he did so, how much if any amount were defendants damaged thereby, and by any neglect or carelessness of plaintiff in harvesting the same ?

The jury returned a verdict in favor of the respondents on all of the above propositions, and gave them damages in the sum of three hundred and seventy-five dollars. Whereupon the court decreed that the complaint be dismissed, the injunction dissolved, and that judgment be rendered for the sum of three hundred and seventy-five dollars in favor of the respondents, and that two thirds of all the wheat and oats in the hands of the receiver be delivered to the respondents and one third to the appellant.

It is claimed by appellant that this decree is incorrect in this, that it allows the respondents to recover three hundred and seventy-five dollars in damages, the full value of their interest in crops and two thirds of the grain in the hands of the receiver in addition. It is insisted, however, on the other side, that this is correct; that the damages found by the jury were only intended to cover that portion of grain wasted by negligence in harvesting the same. This view of the matter we think incorrect, and can not be sustained. The presumption is, that the verdict of the jury is as broad as the issues are upon which they were required to find, and they are broad enough to cover the full value of respondent's interest in the grain. It would certainly be inequitable to allow respondents to recover the full value of their interest in the crops in damages and their proportion of the grain in addition. Entertaining the views herein expressed we hold that the decree of the court below should be modified so as to allow respondents to recover three hundred and seventy-five dollars damages, and their costs and disbursements in the court below; that appellant recover costs and disbursements of the appeal; and that appellant be allowed to retain all the grain in the hands of the receiver.