# THE SUPREME COURT

OF

# OREGON.

## MARCH TERM, 1888.

---

[Filed March 6, 1888.]

## ANSON WOODS, RESPONDENT, *v.* W. F. COURTNEY, APPELLANT.

BILL OF EXCEPTIONS — MOTION FOR NONSUIT — EVIDENCE. — Unless it affirmatively appears from the bill of exceptions that it contains all the evidence offered upon the trial, this court will not review the action of the trial court in refusing to order a nonsuit.

VERDICT — PRESUMPTION — EVIDENCE. — Unless the contrary is made to appear affirmatively, this court is bound to presume there was evidence sufficient to authorize the verdict.

VERDICT — EFFECT OF. — A verdict conclusively settles every issue in favor of the party in whose favor it is rendered.

APPEAL from Wasco County.

*Bennett & Wilson,* and *O. F. Paxton,* for Respondent.

*H. Y. Thompson,* for Appellant.

STRAHAN, J. — This is an action for malicious prosecution. The plaintiff had a verdict for one hundred and fifty dollars, upon which judgment was entered, from which this appeal is taken. We have carefully examined the record, and are unable

to find that the court below committed any error that is review-
able on this appeal. At the conclusion of plaintiff's evidence
the defendant moved for a nonsuit, which was refused, and this
is assigned for error. In looking through the bill of exceptions
it is difficult to find any evidence which would sustain or justify
a verdict for the plaintiff; but all the evidence is not in the bill
of exceptions, or at least it nowhere appears from the record
that the evidence given upon the trial accompanies it. We are
therefore unable to review the action of the court in refusing to
grant a nonsuit. Unless the contrary is made to affirmatively
appear by the record, we are bound to presume that there was
evidence sufficient to authorize the verdict. The verdict con-
clusively settled all the issues made by the pleadings in favor
of the plaintiff, and this court cannot review the findings of the
jury upon those questions.

The appellant's counsel relies upon his exception to the charge
of the court, to the effect that the testimony of Anson Woods
was not material, and therefore in law could not be perjury.
The evidence which is in the bill of exceptions to which the
instruction is supposed to refer is presented in such a manner
that it is impossible for us to say whether it was material or
not. It does not relate to any issue in the case, and if material,
could only become so on some collateral inquiry. Whether it
did become material in that way it is impossible for us to deter-
mine on the record before us.

The court fully and correctly instructed the jury as to the law
on every point in the case, and while we might differ with the
jury as to their conclusions of fact, we have no power to disturb
the verdict for that reason.

Let the judgment of the court below be **affirmed.**