Argued January 30; decided April 1, 1895.

## SHMIT v. DAY.

[39 Pac. 870.]

1. ESTOPPEL.— Where a father sues to recover for the loss of his minor son's services, he is not estopped from denying that the work in which his son was injured was being prosecuted by a corporation and not by the defendants individually because another son, at the request and in the name of the injured child, signed a payroll reciting that parties other than the defendants were the employers.

2. PRESUMPTION OF INCORPORATION.— The words "contracting company," appearing on a payroll added to the names of individuals, do not necessarily refer to a corporation.*

3. BURDEN OF PROOF.— Where the defendants in a personal injury action by an employé alleged that they had previously assigned the contract for the work at which plaintiff was employed, and endeavored to avoid liability on that ground, the burden is on them to establish the assignment, since it is a matter peculiarly within their knowledge: Weber v. Rothschild, 15 Or. 385, and Peabody v. Oregon Railway and Navigation Company, 21 Or. 121, cited and approved.

4. JURISDICTION OF STATE COURTS — TRANSITORY ACTIONS.— Actions for damages resulting from personal injuries are transitory, and may be brought in any county where the defendant may be found, without regard to where the injury was received, and in the absence of a showing that the

* As to the presumption of incorporation of persons engaged in business under some company name see note to Re Gibbs' Estate, 22 L. R. A. 276. The use of the word "company" does not import that the concern is a corporation, rather than a partnership or an unincorporated association; nor does a presumption of incorporation arise from the fact that its business is transacted through a president and secretary: Clark v. Jones, 87 Ala. 474. In Adams Express Co. v. Harris, 129 Ind. 73, (16 Am. St. Rep. at page 317,) it is said that when a name imports that a business is incorporated, the fact of incorporation need not be averred.— REPORTER.

summons in a suit for personal injuries received on land over which the United States has exclusive jurisdiction was served in that territory, the state courts have jurisdiction of the action.

5. REVIEW OF EVIDENCE ON APPEAL — PRESUMPTION AFTER VERDICT.— The objection that the evidence does not support the allegations of the complaint is not available upon appeal from a judgment rendered in favor of the plaintiff upon a general verdict of the jury, where neither motion for nonsuit nor any request for an instruction to find for defendant was made below; and this for two reasons: (1) Because it would be deciding a question not presented to or passed upon by the lower court; and (2) Because, after a general verdict for the plaintiff, every material allegation of the complaint will be presumed to be true: *Torrence* v. *Strong*, 4 Or. 39; *Reed* v. *Gentry*, 7 Or. 497, and *Woods* v. *Courtney*, 16 Or. 121, approved and followed.

APPEAL from Wasco: W. L. BRADSHAW, Judge.

This is an action by Joseph Shmit against J. G. and I. N. Day to recover damages for personal injuries sustained by the plaintiff's minor son while in the defendant's employ upon the government works at the cascade locks, Oregon. The facts are that in transporting material for the locks the defendants operated a movable crane upon an elevated track about twenty feet from the ground, and that this track was about two hundred feet long by thirty feet wide, and consisted of two iron rails supported by longitudinal timbers resting upon posts unconnected by cross ties. An inclined plane furnished a means of reaching a platform at the east end of the track, and slats were nailed to some of the posts, forming a ladder, by which the track could be reached at points beyond the platform. The crane consisted of a wide car, on the side of which was a small house containing an engine that operated a windlass with which stones were raised until their weight rested upon the crane, when they were transported along the track and between the rails by means of a stationary engine. Frank Shmit, plaintiff's son, thirteen years and eight months of age, was employed to serve those two

engines as fireman, and wait upon the engineer, and on July second, eighteen hundred and ninety-three, when he had been thus employed about ten days, he was ordered by the engineer to go from the crane to the ground, and fire the stationary engine.   He went down the incline, and while he was executing the order the crane was moved from the platform.   Desiring to return to his work, he went to one of the posts forming a ladder and hailed the engineer, who just then happened to stop the car; but owing to the engineer's attention having been directed to the workmen below, whom he was looking at through an opening in the floor of the engine-house, and owing to the noise of the windlass being so great, he neither heard nor saw the boy, who, supposing the car had been stopped for him, climbed up the ladder, and placed his right hand on the iron rail, a few inches from one of the car wheels, for the purpose of getting upon the track and thence to the crane, when, without any warning, the car was started by the engineer, and the wheel crushed the boy's fingers, necessitating amputation. The plaintiff brings this action as the father of the boy, entitled to his labor and earnings, and alleges that the injury to his son was caused by the defendants' negligence (1) in not providing a safe way in getting to and from the crane; (2) in failing, although necessary, to provide any rules and signals for starting, stopping, or operating the crane; and (3) in failing to notify or instruct said minor, who was inexperienced, of immature judgment, and wholly ignorant, of the danger in passing to and from the crane.

The defendants, after denying the material allegations of the complaint, for separate defenses alleged that, having a contract with the government, they sublet it to the J. G. and I. N. Day Contracting Company, a corporation organized under the laws of California, which, prior to

and on July second, eighteen hundred and ninety-three, was engaged in prosecuting the work; that the accident to the boy was the result of his own carelessness and negligence, which contributed to his injury; and that, if the accident was the result of carelessness or negligence on the part of any employé of said corporation, then a fellow-servant of said minor was at fault, and not the corporation. The reply having put in issue the allegations of new matter contained in the answer, a trial was had, resulting in a verdict for the plaintiff, upon which, after overruling a motion for a new trial, the court gave judgment, from which the defendants appeal. Although several alleged errors are assigned, their brief urges the following only as grounds for reversal: (1) Error of the court in refusing to admit in evidence a page of the payroll of the J. G. and I. N. Day Contracting Company for the month ending June thirtieth, eighteen hundred and ninety-three, which contains the following: "We, the undersigned, each for himself, and not for each other, hereby acknowledge receipt for the several amounts set opposite our respective names as payment in full of all demands, remote or contingent, up to and including the date first above written," and shows the sum of eight dollars and ten cents due said minor, and that he and others signed said payroll. (2) Error in giving the following instruction: "15. The burden of proof is upon the party holding the affirmative, and the plaintiff in this case, to prove his case by a fair preponderance of testimony, excepting as to the affirmative allegations in defendants' answer that this work was being operated and controlled by the J. G. and I. N. Day Contracting Company at the time of the accident"; and (3) that the court had no jurisdiction to try or determine the case, for the reason that the cause of action alleged in the complaint occurred

27 OR.—15.

within the bounds of a tract of land over which the United States has exclusive jurisdiction.            AFFIRMED.

For appellants there was a brief by *Messrs. Stott, Boise and Stout,* and an oral argument by *Mr. Raleigh Stott.*

For respondent there was a brief and an oral argument by *Mr. Alfred S. Bennett.*

Opinion by MR. JUSTICE MOORE.

1. A copy of all the evidence offered or introduced at the trial is set out in and made a part of the bill of exceptions, from which it appears that the page of the payroll offered in evidence was signed at the request of Frank Shmit by his brother at the time the money was received. We cannot think the plaintiff was precluded by any of the recitals contained in the payroll. The cause of action accrued to him for the loss of his son's service, and he should not be prejudiced because another son, at Frank's request, received and receipted for the amount due him.

2. And even if the recitals were binding upon the plaintiff, the words "Payroll of the J. G. & I. N. Day Contracting Company," do not necessarily refer to a corporation. The evidence offered tending to prove the existence of the corporation was a self-serving memorandum, not necessarily admitting the fact in controversy, and not signed by the plaintiff, and hence not admissible.

3. The answer admitted that the defendants were the original contractors with the government for the improvement of the Columbia River, but they claimed to have sublet the contract to a corporation of which they were agents, and J. G. Day the general manager. The contract between the government and the defendants having been proven to have once existed, it will be presumed to continue until the work of opening, building, and con-

structing the canal and locks are completed by them, (Subdivision 33, § 776, Hill's Code,) and having alleged the assignment of the contract in their answer, and that fact being more particularly within their knowledge, the burden of proof was upon them to establish it: *Peabody* v. *Oregon Railway and Navigation Company,* 21 Or. 121 (12 L. R. A. 823, 26 Pac. 1053); *Ferguson* v. *Wisconsin Central Railway Company,* 63 Wis. 145 (23 N. W. 123); *Weber* v. *Rothchild,* 15 Or. 385 (3 Am. St. Rep. 162, 15 Pac. 650). The defendants, in addition to the oral testimony upon the subject, offered in evidence certified copies of the certificate of organization of the J. G. and I. N. Day Contracting Company, and sections of the statute of California showing its powers. In *Peabody* v. *Oregon Railway and Navigation Company,* just cited, Lord, J., in commenting upon the weight of evidence, says: "This seems to indicate, as was contended, that when a presumption arises in any case, the jury is not bound to believe the declaration of a witness, or a number of them, contradicting the presumption, but that the credibility of such witness or witnesses then becomes a question for them, and if they are not satisfied of the truthfulness of the evidence of such witnesses, they are not bound to believe it, but may find in accordance with the presumption." The burden of proof relating to the assignment of the contract was clearly upon the defendants, and hence the instruction complained of correctly stated the law, and the jury having found for the plaintiff upon the presumption, its verdict will not be disturbed upon that account

4. The legislative assembly, by an act approved October fifteenth, eighteen hundred and seventy-eight, ceded jurisdiction to the United States over certain lands at the cascade locks, but reserved the right to execute civil and criminal process issued under the authority of the state against any person or persons charged with crimes

committed, or for any cause of action accruing without the bounds of said tract: Session Laws, 1878, page 8. Assuming that the accident occurred within the ceded territory, the transcript does not show that the summons was served therein. Actions for damages resulting from personal injuries are transitory, and the courts of any state have jurisdiction without regard to where the injury was received. If this were not so, then a sister state might become a "city of refuge," to which the party guilty of negligence producing personal injury might flee, and find a safe asylum. Such is not the law, and the record failing to show that the process was served within the ceded territory, the court had jurisdiction of the cause of action.

5. It is contended that the evidence totally fails to show that the defendants were negligent in the performance of any duty they owed the plaintiff's minor son, but that, on the contrary, it clearly shows that the boy was injured in consequence of his own negligence. No motion for a nonsuit, nor any request for an instruction to the jury to find for the defendants, having been made in the court below, the question is presented whether this court has authority to review the evidence. "Whether the plaintiff is entitled to recover any damages," says Mr. Thompson in his work on Charging the Jury, § 22, "is a question for the court; because this question is a compound of two questions of law, namely: (1) Whether he has in his pleadings shown an actionable injury; (2) Whether he has adduced any evidence to support the claim thus made." The right to recover any damages is therefore a question of law, but appellate courts will consider those law questions only which by the record appear to have been properly presented to and decided by the trial court; and the general rule is that objections not so presented will receive no attention on appeal, (Elliott's Appellate Procedure, §§ 238, 470,) except objections to the jurisdic-

tion of the court, and that the complaint does not state a
cause of action: Hill's Code, § 71.   An objection must be
appropriately made in the trial court to the ruling or de-
cision deemed to be erroneous, and when not so made the
right to, object will be regarded as waived on appeal to
this court, (Elliott's Appellate Procedure, §§ 674, 675,)
for it is safe to say that the general rule, and one of
very comprehensive scope, is that where there is no rul-
ing, or no sufficient request to rule, there is no available
error: Elliott's Appellate Procedure, § 726.   The defend-
ants not having moved for a judgment of nonsuit, or
asked the court to instruct the jury to find for them
upon the assumed failure of the evidence to support
the allegations of the complaint, the objections which
they now urge were not presented to or decided by the
trial court, and cannot be considered here; and, a general
verdict having been rendered for the plaintiff, every ma-
terial allegation of the complaint will be presumed to be
found true, and the verdict as broad as the issues passed
upon: *Torrence* v. *Strong,* 4 Or. 39; *Woods* v. *Courtney,* 16 Or.
121 (17 Pac. 745); *Reed* v. *Gentry,* 7 Or. 497.   These views
rendering the examination of the evidence unnecessary,
the judgment will be affirmed, and it is so ordered.

AFFIRMED.