Argued May 23, affirmed June 19, 1917.

## MARKS *v.* FIRST NAT. BANK.

(165 Pac. 673.)

**Appeal and Error—Reservation of Grounds for Review.**

1.  Where plaintiff made no motion for a directed verdict and did not otherwise raise in the lower court the sufficiency of the evidence to support the verdict for defendant, the appellate court will not review the sufficiency thereof.

**Appeal and Error—Questions not Raised Below—Review.**

2.  In the absence of some action in the lower court raising and reserving other questions, review is limited to jurisdictional questions and the sufficiency of the allegations of the complaint; Const. Amend., Article VII. as amended, Section 3 of the Constitution (see Laws 1911, p. 7), not abrogating this statutory rule of appellate procedure.

**Banks and Banking—Recovery of Deposit—Assignment.**

3.  In an action by plaintiff in his own behalf and as assignee of three of his relatives to recover from defendant bank an alleged balance of their deposit, exclusion of check drawn by a relative in favor of plaintiff was proper in view of Section 6022, L. O. L., providing that a check is not an assignment of the deposit to the payee.

**Banks and Banking—Deposit—Action—Waiver of Demand.**

4.  Where defendant bank denied its liability, no demand was necessary in an action to recover an alleged deposit.

    [As to pleading demand and refusing to pay in action on bank check, see note in Ann. Cas. 1912A, 184.]

From Douglas: GEORGE F. SKIPWORTH, Judge.

Action by H. P. Marks against the First National Bank of Roseburg, wherein a judgment was rendered on the verdict of a jury in favor of defendant, and plaintiff appealed.    Affirmed.

Department 1.    Statement    by    MR.    JUSTICE    McCAMANT.

This is an action brought by plaintiff on his own behalf and as assignee of three of his relatives, to recover alleged balances of their deposits with the defendant.

The answer denies the material allegations of the complaint and alleges affirmatively that the deposits

claimed had been withdrawn from the bank by T. R. Sheridan, pursuant to authority given him by plaintiff and his assignors; the answer also sets up the defense of account stated.

Issue was joined on the affirmative allegations of the answer and the cause was tried before a jury which found for the defendant. Judgment was entered on this verdict and plaintiff appeals.        AFFIRMED.

For appellant there was a brief over the names of *Mr. George Jones* and *Mr. John T. Long,* with an oral argument by *Mr. Jones.*

For respondent there was a brief and an oral argument by *Mr. Oliver P. Coshow.*

MR. JUSTICE MCCAMANT delivered the opinion of the court.

1. There are but three assignments of error. The one most insisted on is the entry of judgment for the defendant, plaintiff insisting that there is no evidence to support the verdict. Plaintiff made no motion for a directed verdict, nor did he otherwise raise in the lower court the question on which he now relies. It has been repeatedly held that the jurisdiction of this court is appellate and its province is to correct the errors of the Circuit Court. If the Circuit Court has committed no error this court cannot reverse its judgment. In the absence of some ruling in the Circuit Court on the question relied on there is nothing on which error can be predicated: *Shmit* v. *Day,* 27 Or. 110, 116 (39 Pac. 870); *United States Mortgage Co.* v. *Marquam,* 41 Or. 391, 405 (69 Pac. 41); *Stoddard Lumber Co.* v. *Oregon-Washington Co., ante,* p. 399 (165 Pac. 363).

2. The only exceptions to this rule are jurisdictional questions and insufficiency of the allegations of the complaint: *Shmit* v. *Day*, 27 Or. 110, 116, 117 (39 Pac. 870).

It has been expressly held that this court will not consider the sufficiency of the evidence to justify the verdict in the absence of some action in the Circuit Court raising and reserving the question: *Shmit* v. *Day*, 27 Or. 110, 116 (39 Pac. 870); *Nunn* v. *Bird*, 36 Or. 515, 520 (59 Pac. 808). A different rule would be unjust to the adverse party and unfair to the trial court. It often happens that the evidence is insufficient in some respect which can be readily supplied. In such case it is within the discretion of the trial court to open up the case and receive the missing evidence. A litigant should not be denied the benefit of such procedure by a rule which permits an appellant to contend in this court for the first time that the evidence of his adversary is insufficient to support a verdict.

It is contended that the above rule has been modified by the amendment to Article VII of the Constitution, adopted in 1910 (Laws 1911, p. 7). Section 3 of the amended article authorizes this court to modify a judgment in certain cases, but it does not abrogate the salutary rule of appellate procedure hereinbefore set out.

3. Error is also assigned on the exclusion by the lower court of a check drawn by E. C. Marks in favor of plaintiff. The check was offered to prove the assignment to plaintiff of the cause of action alleged in the second count of the complaint. A check is not an assignment of the deposit to the payee: Section 6022, L. O. L.; *United States National Bank* v. *First Trust etc. Bank*, 60 Or. 266, 272 (119 Pac. 343). The evidence offered was therefore immaterial and was properly excluded.

4. Plaintiff testified on cross-examination that he made several demands on Sheridan for his money. On redirect he was asked: "Were you making demand upon Mr. Sheridan, or were you dealing with Mr. Sheridan as an individual or as president of the bank?" On objection by the defendant the court excluded the testimony sought to be elicited. We think that the ruling was right. Where, as in this case, a bank disputes its liability to a depositor, no demand is necessary to support the depositor's action: *First National Bank* v. *Peck,* 180 Ind. 649, 659 (103 N. E. 643); *Pratt* v. *Union National Bank,* 79 N. J. L. 117, 120 (75 Atl. 313); *Holden* v. *Farmers' etc. National Bank,* 77 N. H. 535, 538 (93 Atl. 1040, L. R. A. 1915F, 309); *Donijanovic* v. *Hartman,* 169 Mo. App. 204, 211 (152 S. W. 424). It appeared that the demands made on Mr. Sheridan were by letter and plaintiff testified that the letters were addressed simply to T. R. Sheridan. What was in plaintiff's mind as to the capacity in which he addressed Mr. Sheridan was clearly not evidence. Furthermore, it appeared that plaintiff demanded his alleged deposit from S. A. Sanford, cashier of the defendant. This was sufficient if a demand had been necessary. We find no error and the judgment is affirmed.                                    AFFIRMED.

MR. CHIEF JUSTICE McBRIDE, MR. JUSTICE BEAN and MR. JUSTICE HARRIS concur.