Argued December 19, 1923, modified February 13, 1924.

# DAHL & PENNE, INC., *v.* STATE BANK OF PORT-LAND.

### (222 Pac. 1090.)

**Assignments—A Check is not an Assignment of the Funds Drawn upon.**

1. In Oregon a check is not an assignment of the funds drawn upon, but merely authorizes the bank to pay the amount of the check to the holder under Section 7981, Or. L., so providing.

**Banks and Banking—Relation Between Banker and Depositor has No Element of Trust.**

2. The relation of banker and depositor in respect to deposits is that of debtor and creditor, and the contract has no element of trust in it.

**Banks and Banking—"Special Deposit" not Created by Bank's Failure to Pay Full Amount Called for by Check.**

3. Bank's failure to pay the full amount called for by a check and charged against the depositor's account and its subsequent retention of the money and issuance of a certificate of deposit payable to the bank's order for the difference between the face of the check and the amount paid, whether done by mistake or intentionally, nothing else being done, could not convert the bank's possession of such difference into a special deposit recoverable as a preferred claim in liquidation proceedings; a "special deposit" contract meaning that the identical thing deposited shall be safely kept and returned to the depositor.

**Banks and Banking—No Trust Relation of Any Kind Created by Bank's Refusal to Pay Full Amount of Depositor's Check.**

4. Where a bank cashed a depositor's check, paying by mistake $1,000 less than its amount, and charged the full amount to depositor's account, issuing a certificate of deposit payable to its own order and refusing to repay the money or surrender the certificate, no relation of principal and agent, bailor and bailee, or any other fiduciary or trust relation arose between the bank and the depositor as to such $1,000, the remedy of the depositor being to sue the bank for that sum.

## From Multnomah: WALTER H. EVANS, Judge.

1. Ordinary bank check as assignment of funds of drawer, see notes in 5 Ann. Cas. 189, 939; Ann. Cas. 1913D, 418.

3. Special deposit as distinguished from general deposit, see notes in Ann. Cas. 1913E, 45; Ann. Cas. 1918B, 390.

Department 2.

Dahl & Penne, Inc., as assignee of a copartnership of that name, filed, in the liquidation proceedings pending in the Circuit Court for Multnomah County, against the State Bank of Portland, an insolvent state bank, a petition in intervention, praying to have its assigned claim decreed to have a preference right to priority in payment over general creditors of the bank.

The petition alleges, in substance, that in October, 1921, intervener's assignors had on deposit in said bank a sum of money, subject to check, against which they drew and presented a check payable to their order for a part thereof; that the bank paid said check and charged the full amount thereof against the drawer's account, but in making such payment, by mistake, it paid $1,000 less than the amount for which the check was drawn; that demand for payment of the difference has been made and refused; that it was the custom of the bank to issue certificates of deposit payable to the bank's order for overages growing out of the payment of checks, and pursuant thereto the bank did, on or about December 31, 1921, issue a certificate of deposit payable to its order, reciting that "Over & Short has deposited in his bank $912.75 account overage of Letz (the Paying Teller) on October 3, 1921"; that the bank has since retained said certificate of deposit and refused to deliver it. to intervener; that this certificate of deposit, together with the assets of the bank, has passed into the hands of the superintendent of banks, who is now in possession thereof and refuses to pay intervener's claim, although duly demanded.

The evidence shows that the check in question was presented and paid on October 3d, and that at the end of that day's business the bank discovered an overage of $912.75, and on the next day an additional overage of $107.15, and that at the end of the year had an overage of $912.75; that in order to prevent this overage from passing to the credit of undivided profits, and to keep it intact for whoever might be found to be entitled to receive it, the bank issued the certificate of deposit in question. The bank made no segregation of the money represented by the certificate of deposit. The evidence also showed that the bank promised intervener's assignors that if it was established that the amount represented by the certificate of deposit belonged to them, the bank would pay them the amount of the certificate. Intervener's assignors continued to keep their account at the bank up to the time it became insolvent, and at that time had on deposit some $8,000.

The trial resulted in a decree adjudging that intervener's claim for $1,000 is a preferred claim and is entitled to priority in payment over general creditors of the bank, and from this decree the superintendent of banks has appealed.    MODIFIED.

For appellant there was a brief over the name of *Messrs. Bowerman & Kavanaugh,* with an oral argument by *Mr. Jay Bowerman.*

For respondent there was a brief and oral argument by *Mr. John C. Shillock.*

RAND, J.—It is urged on behalf of the superintendent of banks that the State Bank of Portland, until it closed its doors, was liable because of its error in an action at law for the recovery of the

money, or else, as a depositor creditor, for the amount shown on the deposit-book, plus the amount of the error. The petitioner, however, contends that because of this mistake the retention by the bank of the $1,000 constituted a special deposit and that the bank became a bailee of the money, holding the same in trust for petitioner.

At the time this check was presented to the bank for payment, petitioner's assignors had on deposit in said bank a greater amount than that called for by the check. The check was drawn against their account and payable to their order. Although not paid in full, the entire amount for which the check was drawn was charged against their account and the difference between the amount called for by the check and that paid remained in the hands of the bank. The relation of debtor and creditor between the bank and petitioner's assignors was not altered or affected by this transaction, and the indebtedness owed by the bank was not discharged except to the extent of the amount actually paid. The result of the transaction was identically the same as if by mistake in addition or subtraction, the bank had erroneously credited itself and charged the depositor with $1,000 more than it was entitled to.

1. In this jurisdiction a check is not an assignment of the funds upon which it is drawn, but merely authorize the bank to pay the amount of the check to the holder: Section 7981, Or. L. See, also, *Marks* v. *First Nat. Bank,* 84 Or. 601 (165 Pac. 673); *United States Nat. Bank* v. *First Trust & Sav. Bank,* 60 Or. 266 (119 Pac. 343).

2. "The relation of banker and customer in respect to deposits, is that of debtor and creditor. When deposits are received, they belong to the bank as a

part of its general funds, and the banker becomes the debtor to the depositor, and agrees to discharge the indebtedness, by paying the checks of the depositor, his creditor. The contract between the parties is purely legal, and has no element of a trust in it." *Aetna Nat. Bank* v. *Fourth Nat. Bank,* 46 N. Y. 82 (7 Am. Rep. 314).

"It is an important part of the business of banking to receive deposits, but when they are received, unless there are stipulations to the contrary, they belong to the bank, become part of its general funds, and can be loaned by it as other moneys. The banker is accountable for the deposits which he receives as a debtor, and he agrees to discharge these debts by honoring the checks which the depositors shall from time to time draw on him. The contract between the parties is purely a legal one, and has nothing of the nature of a trust in it. * * The relation between a banker and customer, who pays money into the bank, or to whose credit money is placed there, is the ordinary relation of debtor and creditor and does not partake of a fiduciary character." *Bank of Republic* v. *Millard,* 77 U. S. 152 (19 L. Ed. 897, see, also, Rose's U. S. Notes).

3. It is obvious, therefore, that the failure of the bank to pay the full amount called for by the check and charged against the depositor's account and its subsequent retention of the money and issuance of a certificate of deposit payable to the order of the bank for the difference in the amount, whether done by mistake or intentionally, where nothing else was done, could not convert the bank's possession of the money into a special deposit. "A special deposit is where the whole contract is that the thing deposited shall be safely kept, and that identical thing returned to

the depositor." 1 Morse on Banks and Banking (5 ed.), § 183. "A special deposit is the placing of something in the charge or custody of the bank, of which specific things restitution must be made. A special deposit does not enter the general funds of the bank and form a part of its disposable capital. It is to be kept by itself and to be specifically returned." 7 Words & Phrases (1 ed.), 6574. "When a thing has been specially deposited with a depositary, title to it remains with the depositor, and if it should be lost the loss will fall upon him." 2 Bouvier's Law Dict. (Rawle's Rev.), p. 1018.

4. The mere failure of the bank to pay the full amount of the check and the retention of the difference could not operate to create the relation of principal and agent or bailee and bailor or any fiduciary or trust relation between the bank and intervener's assignors. The title to the money not paid remained in the bank and did not pass to petitioner's assignors. Upon the bank's refusal to correct the account and make it conform to the actual transaction, petitioner's assignors had a right of action against the bank to recover the difference between the amount called for by the check and that actually paid, and if they wished to close their account, then for that amount plus the remainder of their deposit. The transaction left the parties in the same relation in respect to this deposit that they sustained to each other before the check was presented for payment, except that the amount of the indebtedness owed by the bank was diminished to the extent of the amount actually paid upon the check.

The decree of the Circuit Court will therefore be modified and the cause will be remanded, with directions to the superintendent of banks to correct the

account of intervener's deposit in the State Bank of Portland by adding thereto the sum of $1,000, if not already credited, and to distribute upon said corrected account intervener's proportion of the proceeds realized from the assets of the insolvent bank, but without costs to either party upon this appeal, and it is so ordered.                    MODIFIED.

MCBRIDE, C. J., and BEAN and BROWN, JJ., concur.