Argued September 15, affirmed October 14, 1970

PEDERSEN, *Respondent*, *v.* PETE WILSON
REALTY, INC., *Appellant.*

475 P2d 413

*Carlton D. Warren*, Portland, argued the cause for appellant. With him on the briefs were Solomon, Warren & Killeen, Portland.

*Donald J. DeFrancq*, Portland, argued the cause for respondent. With him on the brief were Theodore B. Jensen and Davis, Jensen, DeFrancq & Holmes, Portland.

Before O'CONNELL, Chief Justice, and McALLISTER, HOLMAN* and TONGUE, Justices.

TONGUE, J.

This is an action by a real estate saleswoman against the real estate broker by whom she was employed to collect the salesman's share of a broker's commission resulting from the sale of a motel near Long Beach, Washington. Defendant appeals from a judgment in favor of plaintiff in the sum of $1,560, representing 40% of the $3,900 commission which defendant had received on sale of the motel.

The controversy arose from plaintiff's contention that she was entitled to 40% of the commission as the salesman who sold the motel, whereas defendant contended that a salesman named Stevens was entitled to the salesman's share of 40%, in addition to 20% as the salesman who obtained the listing of the motel. Whether plaintiff or Stevens was entitled to the salesman's share of 40% of the commission depended upon whether Stevens, who made the original contact with the purchaser, "introduced" him to the property (i.e., by giving him a description of the property, with details as to price, terms, and other pertinent informa-

---

* Holman, J., did not participate in this decision.

tion), after which no other salesman could claim the salesman's share of the commission on a sale to that purchaser, or whether he lost any claim to the salesman's share of the commission by giving the purchaser a "drive-by" (i.e., by giving the name and address of the property to the prospective purchaser so that he could "drive by" the property and look at it himself), with the risk that some other salesman might then contact him and make the sale.

■ Whether Stevens "introduced" the purchaser to the property or gave him a "drive-by," so that plaintiff (who met the purchaser at the property and was successful in negotiating the sale with him) was entitled to the salesman's commission was a question of fact. Since that question was decided by the jury adversely to defendant, no further statement of the facts of the transaction is required for the purposes of this decision, assuming that there was no error in the trial of this case.

Defendant's principal assignment of error is that the trial court erred in submitting the case to the jury under the following "Special Interrogatory and Verdict," as prepared by the trial judge and given over objections by both parties:

"We, the jury, being first duly empaneled and sworn, do answer the Special Interrogatory as follows:

"1) Under the employment agreement between Plaintiff Dorrine Pedersen and Defendant Pete Wilson Realty, Inc., and under the practices and procedures of the real estate agency, Plaintiff was entitled to the sales commission on the sale of the motel in Longbeach, Washington—Answer: Yes.

"A. Having answered the foregoing question 'Yes,' we hereby return our verdict in favor of Plaintiff and against Defendant.

"DATED: 14 day of July, 1969.
 /s/   Hubert Barton (FOREMAN)
"B. Having answered the foregoing question 'No,' we hereby return our verdict in favor of Defendant and against Plaintiff.

"DATED: ........ day of July, 1969.

-----------------------------------------------------
(FOREMAN)"

Based upon this verdict the trial court then entered judgment in favor of plaintiff and against defendant for $1,560, or 40% of the total commission.

Plaintiff contends that this was improper either as a "general verdict" or as a "special verdict" in that: (1) This being an action for the recovery of money, the jury could properly return either a "general or special verdict," by reason of ORS 17.415; (2) The verdict, in the form submitted by the trial judge was not proper as a "special verdict," in that it did not "find all of the facts essential to a judgment"; (3) On the other hand, the verdict, as submitted in this case was also not a proper "general verdict," in which, under ORS 17.425, the jury must not only find generally in favor of plaintiff as defendant, but must "assess the *amount* of recovery" awarded to the plaintiff; and (4) The verdict, as submitted, required the jury to award plaintiff "all or nothing," despite evidence of discussions between the parties of "splitting" the commission between plaintiff and Stevens.

Unfortunately for defendant, and regardless of whether these contentions may have had merit, no exceptions were taken by defendant to the "Special Interrogatory and Verdict" on these grounds at the time of trial. Instead, the only exception taken by

defendant on trial was that Stevens rendered "services" resulting in "a claim by him on the commission" because he was responsible for increasing the commission from $2,400, or 6% (as provided by the Earnest Money Agreement as secured by plaintiff) to $3,900, or 10%, as provided in the original listing and in the final closing arrangements which were made after defendant told plaintiff that Stevens was entitled to the salesman's commission and he then proceeded with the final closing arrangements.

■ However, Stevens was not a party; no such contention had been pleaded by defendant, and the case had been pleaded and tried on the theory that plaintiff was entitled to the entire salesman's share of 40% of the commission of $3,900, or nothing. It follows that the objection to the "Special Interrogatory and Verdict," as made by defendant for the first time on appeal, now comes too late to provide a basis for reversal of the trial court. *Archambeau v. Edmunson*, 87 Or 476, 479-81, 171 P 186 (1918).

Defendant also assigns as error the failure of plaintiff to plead or prove that "either party had a broker's license to sell real property, located in the State of Washington." Just how defendant would avail himself of such a contention in a controversy involving the division of a commission which, if defendant is correct, was illegal in its entirety, is not clear.

■ It is true, of course, that in an action by a real estate broker to collect a commission he must plead and prove that he was a duly licensed real estate broker (ORS 696.710). This, however, is not such an action, but is an action by a real estate salesman against a real estate broker for the salesman's share of such a commission. And, again, no such contention

was made by defendant in the lower court, either by demurrer to the complaint, by affirmative answer, or by motion for nonsuit or directed verdict. Thus, since this court has no way of knowing what answer, if any, plaintiff might have had to such a contention by defendant, had the issue been litigated in the trial court, it is too late now to present that issue for the first time on appeal. Cf. *Bowl-Opp, Inc. v. Bayer,* 255 Or 318, 458 P2d 435, 438 (1969).

Defendant also assigns as error three rulings by the trial judge in sustaining or failing to sustain questions asked on cross-examination of various witnesses. We have examined each of these assignments, together with the entire record in this case, and find that these assignments of error are without merit.

For all of these reasons the judgment of the trial court is affirmed.

Affirmed.