Argued May 1, affirmed September 8, 1972

BUTLER ET UX, *Respondents, v.* HALSEY
DEVELOPMENT, INC., *Appellants.*

500 P2d 718

*Donald H. Joyce,* Portland, argued the cause and filed a brief for appellants.

*Stanley E. Clark,* Redmond, argued the cause and filed a brief for respondents.

DENECKE, J.

The plaintiffs recovered a verdict and judgment for special and punitive damages in an action for slander of title. Defendants appeal.

The defendant Halsey Development sold a residence on contract to parties named Gage. Plaintiffs are the eventual assignees of the buyers' interest in this contract. Plaintiffs entered into negotiations with a Mr. Murray for the exchange of this residence for property of Mr. Murray. Mr. Murray testified that when he talked to the defendants about the exchange, the defendant Muskopf, speaking for the defendant Halsey Development, stated that Halsey had started a suit to foreclose the contract. Because of this statement Murray refused to buy the property. As a matter of fact, Halsey Development had not started a foreclosure suit.

Defendants contend the trial court erred in failing to grant defendants' motion for a nonsuit. One ground for the motion was that the plaintiffs had failed to prove a legally enforceable offer by Murray to buy. In oral argument defendants' counsel acknowledged this ground to be without merit.

The other ground was that the plaintiffs had not

proved any damages. In support of this argument defendants contend that Murray testified he had offered $20,000 for the house and he was presently willing to pay $20,000 for the house. Defendants argue from this testimony that inasmuch as Murray will now purchase at the same price he previously offered, plaintiffs are not damaged. We do not interpret Murray's testimony as defendants do. We are of the opinion that Murray's testimony was that the residence now has the same intrinsic value as it had previously, $20,000, but he did not testify he would now purchase it for that price.

■ Defendants contend that the court erred in instructing the jury that the acceptance of payments by Halsey waived the alleged breach. If the trial court erred in this regard the error could not be prejudicial. Whether the plaintiffs breached this contract or whether defendants waived any breach is immaterial. The slander of title consisted of the false assertion that Halsey had commenced a foreclosure suit. No contention is made that the defendants would have slandered title if they had stated that they had cause for foreclosure because plaintiffs had breached the contract.

■ The defendants contend on appeal that the trial court erred in submitting the question of punitive damages to the jury. No objection to this procedure was made during the trial; therefore, the issue will not be considered by this court.

Affirmed.