Argued November 5, 1974, affirmed January 23, 1975

# WOOD INDUSTRIAL CORPORATION, *Appellant,* v. ROSE, *Respondent.*

530 P2d 1245

*Lee A. Hansen,* of Brown, Hansen & Steenson, Portland, argued the cause and filed briefs for appellant.

*Philip H. Lowthian,* of Anderson, Hall, Lowthian & Gross, Portland, argued the cause and filed a brief for respondent.

Before O'CONNELL, Chief Justice, and MCALLISTER, TONGUE, HOWELL, BRYSON and SLOPER, Justices.

HOWELL, J.

Plaintiff filed this action alleging the defendant converted the "sum of $6,913.82" which belonged to plaintiff. Defendant filed a counterclaim. A jury re-

turned a verdict against plaintiff on its cause of action and in favor of defendant for the full amount of his counterclaim. Plaintiff appeals and we affirm.

Plaintiff was engaged in the manufacture and sale of impact rock crushers. In August, 1972, plaintiff and defendant entered into an oral agreement whereby defendant became the exclusive dealer for plaintiff for the sale of impact crushers in Canada. Defendant was to receive a 20% commission on the sale of the crushers and 10% commission on the sale of parts for the crushers. Three crushers were sold to Canadian customers, and defendant received his commissions. Because the plaintiff desired to reduce the 20% commission, the parties agreed to terminate their relationship in March, 1973. Apparently they did not agree as to the status of commissions on parts which had been sold but not delivered. In April, 1973, the defendant received a check payable to defendant for approximately $7,000 from a Canadian customer for parts sold. The amount of the check included defendant's commission. Defendant refused to deliver the check to plaintiff because he wanted to retain it as security for any commissions from parts sales that had not been completely consummated.

The plaintiff filed this action alleging conversion, and the defendant counterclaimed for $3,000 for "unreimbursed expenses" and "unreimbursed services."

■ The plaintiff contends the trial court erred in submitting defendant's counterclaim to the jury. The plaintiff made no motion to withdraw the counterclaim from the jury's consideration or for a directed verdict in his favor on the counterclaim. Therefore this assignment of error cannot be considered. *Butler*

*v. Halsey Development, Inc.*, 262 Or 589, 500 P2d 718 (1972) ; *Shmit v. Day*, 27 Or 110, 39 P 870 (1895).

■ The plaintiff also contends that the trial court should not have allowed defendant to impeach plaintiff's testimony by evidence attacking plaintiff's reputation for truth and veracity. Plaintiff contends that the question asked the witness regarding plaintiff's reputation for truth and veracity was faulty because it did not refer to plaintiff's "general" reputation as required by ORS 45.700. We cannot consider this assignment because plaintiff did not object on that basis in the trial court, nor did he mention it in his motion to strike the impeaching testimony. *Groce v. Fidelity General Insurance*, 252 Or 296, 307, 448 P2d 554 (1969).

■ In another assignment of error the plaintiff contends the trial court erred in allowing defendant to present evidence of defendant's good character. Plaintiff relies on ORS 45.620 which states:

> "Evidence of the good character of a party is not admissible in a civil action, suit or proceeding, unless the issue involves his character, nor of a witness until the character of the witness has been impeached."

In his brief, again for the first time, plaintiff argues that the evidence was not admissible because defendant's character had not been impeached and that defendant's good character was not an issue in the case. At the trial defendant inquired of the character witness if he knew "what Mr. Rose's reputation in the community is for taking other people's money?". Plaintiff's objection on the ground of irrelevance and immateriality was sustained. Later, when the witness was asked a question in proper form, the plaintiff's objection was predicated on what does or does not

constitute the "community." At no time did plaintiff raise the objection that defendant's character was not an issue in the case or that the witness had not been previously impeached. Plaintiff was obliged to make a proper objection; failing to have done so he cannot raise the issue for the first time in this court.[1] *Williams v. Union Pac. R. R.*, 286 F2d 50 (9th Cir 1960); *Groce v. Fidelity General Insurance*, supra.

The plaintiff also contends the trial court erred in instructing the jury that if the alleged conversion occurred in the state of Washington, plaintiff could not recover. There was evidence that defendant's office was located in Vancouver, Washington. The check in dispute was mailed from Canada to defendant in Vancouver and there the defendant refused plaintiff's demand to turn over the check to plaintiff, whose office was in Portland. Apparently the plaintiff is contending that the conversion occurred in Washington and that under the facts and circumstances of this case, Washington law would recognize a conversion. We do not believe that the facts justify an action for conversion under either the general law or Washington cases on conversion. Here, the check for $7,000 was made payable to defendant with the approval of plaintiff. Although the check represented parts sold by plaintiff to the Canadian customer, it also included defendant's commission. The general rule of trover is stated as follows:

"* * * It is otherwise said to be a general rule

---

[1] It is doubtful that evidence of defendant's good character was admissible. His character had not been impeached by plaintiff and there was nothing in the pleadings affecting defendant's character. The fact that the complaint charged an act of conversion would not appear to raise an issue of character as required by the statute. *See* 1 Wigmore on Evidence (3d ed) 474, § 64 (1940).

that although an obligation to pay money is ordinarily enforceable by assumpsit or debt, yet trover lies for the conversion of 'ear-marked' money, or specific money capable of identification, or coins or notes that have been intrusted to the defendant's care." (Footnote omitted.) Bowers, The Law of Conversion 11, § 17 (1917).

In *Seekamp v. Small*, 39 Wash 2d 578, 237 P2d 489 (1951), plaintiff brought an action in conversion contending that he had delivered $5,580 to defendant to purchase onions for plaintiff and that defendant misappropriated part of the money. The Washington Supreme Court held that defendant was not required to return specific money to plaintiff and plaintiff's remedy was for money had and received, not conversion. The court stated:

" 'Money, under certain circumstances, may become the subject of conversion. But there can be no conversion of money, unless it was wrongfully received by the party charged with conversion or unless such party was under obligation to return the specific money to the party claiming it.' " 39 Wash 2d at 583, quoting *Davin v. Dowling,* 146 Wash 137, 262 P 123 (1927).

In the instant case the check was not wrongfully received by the defendant, the check did not represent trust funds, and the defendant was not obligated to return specific money to the plaintiff. Plaintiff's remedy was for money had and received, not conversion.

Affirmed.