Argued October 30, affirmed December 26, 1975

INGRAM, *Appellant, v.* ALLEN, *Respondent.*

544 P2d 167

*George J. Woodrich* of Thompson, Mumford, Woodrich & Anderson, Eugene, filed briefs and argued the cause for appellant.

*Richard Bryson,* Eugene, argued the cause for respondent. On the brief were Calkins & Calkins and Bryson & Robert.

McALLISTER, J.

This is an action for damages in which plaintiff

alleged that the negligence of defendant caused a collision between vehicles driven by the parties. The jury returned a special verdict finding that the plaintiff was 51 per cent negligent. The trial court accordingly entered judgment for the defendant. Plaintiff has appealed.

The following facts were set forth in plaintiff's brief and were accepted by defendant. The collision occurred in Eugene on April 11, 1972. Plaintiff, Patrick W. Ingram, had stopped his vehicle at a stop sign, pulled forward in an attempt to enter a main thoroughfare from the controlled intersection, and stopped again because of approaching traffic on the main thoroughfare. The vehicle of the defendant, Donney D. Allen, was directly behind and struck the rear of plaintiff's vehicle when plaintiff stopped the second time. Each party alleged the collision occurred as a result of the negligence of the other.

At trial defendant filed a motion in limine① asking that the jury make special findings in lieu of a general verdict, that these findings be limited to apportioning the percentage of negligence between the two parties and fixing the amount of damage suffered by the plaintiff, that the jury not be advised of the ultimate effect of its findings beforehand, and that the court enter judgment based on the jury's findings. Plaintiff agreed, and the court so instructed the jury.

During jury deliberations, the jury asked the court to explain the effect of the apportioning of negligence on the recovery of damages. The court refused to answer the question and this refusal is the sole issue in this appeal.

The question asked by the jury was as follows:

"Sir, if Ingram is more negligent than Allen,

---

① On the threshold; at the outset.

can he still be awarded damages. What about equal negligence?"

The motion in limine submitted by the defendant read:

"Comes now the defendant * * * and moves the Court for an Order prior to the commencement of the trial that the jury not be advised through Court's or counsels' statements or arguments before the jury of the ultimate result of their special findings in this case."

When the court ruled upon this motion the following discussion was recorded between the trial judge and the plaintiff's attorney:

"THE COURT: Ingram vs. Allen; I have a Motion from Mr. Calkins. I've read it. Do you have a position, Mr. Woodrich?

"MR. WOODRICH: Well, Your Honor; I presume that the Court has ruled on this before and I would request that the formal form of Jury Verdict form be submitted in this case.

* * * * *

"THE COURT: I don't think I've ever had it contested. I think it can go both ways possibly by agreement of counsel, but it's represented by Defendant's counsel that in at least three cases the practice has been to submit only the Special Finding.

"MR. WOODRICH: Well, I would again—I don't think there's a particular preference as far as we're concerned. Whatever the Court would feel would be appropriate and comfortable with as far as the law is concerned and the facts involved.

"THE COURT: Well, I tend to think that the Special Form is less confusing. That's the ultimate goal.

"MR. WOODRICH: Whatever the Court can feel and from experience finds is less confusing.

"THE COURT: Well, it will be submitted in that form and counsel will not direct argument to what the [e]ffect of these Findings are."

The jury was not instructed on the effect its special findings would have, and the plaintiff did not except to the failure to give such instruction, nor request such instruction.

On appeal the plaintiff contends that he did not agree that the court should not instruct the jury on this issue and therefore did not waive his right to object to the court's failure to answer the jury's question.

In his brief plaintiff argues the propriety of instructing the jury on the law of comparative negligence and that the jury should be informed of the effect that its allocations of negligence will have. It is true that the new comparative negligence law in Oregon requires that the jury be informed of the effect of its special findings. Oregon Laws 1975, Ch 599, §2(2). This amendment to ORS 18.470 did not take effect until September 13, 1975 after this cause was tried. At the time of trial there was no such statutory requirement.

No objection was made to the form of special verdict submitted to the jury. If no objection was made at trial on this point, the court will not consider it on appeal. *Wood Industrial Corp. v. Rose,* 271 Or 103, 530 P2d 1245, 1247 (1975); *Butler v. Halsey Development, Inc.,* 262 Or 589, 591, 500 P2d 718 (1972); *Pedersen v. Pete Wilson Realty,* 256 Or 622, 626, 475 P2d 413 (1970). If the court's ruling was in error, the plaintiff's acquiescence invited the error and plaintiff cannot complain on appeal. *Crawford v. Jackson,* 252 Or 552, 554-555, 451 P2d 115 (1969).

The judgment is affirmed.