Argued and submitted October 19, affirmed
December 31, 1979, reconsideration denied March 20,
petition for review denied April 15, 1980 (289 Or 45)

FLAVEL, et vir,
*Appellants,*
*v.*
PACIFIC POWER & LIGHT COMPANY,
*Respondent.*

(No. CC-77-48, CA 14109)

607 P2d 731

Robert P. Van Natta, St. Helens, argued the cause
for appellants. With him on the brief was Van Natta
and Petersen, St. Helens.

Pamela L. Jacklin, Portland, argued the cause for respondent. With her on the brief were Charles H. Habernigg and Rives, Bonyhadi and Smith, Portland.

Before Lee, Presiding Judge, and Richardson, Judge, and Denecke, Judge Pro Tempore.

LEE, P.J.

**LEE, P.J.**

Plaintiffs appeal from a summary judgment for defendant, contending that the documentation in support of defendant's motion for summary judgment was insufficient. We affirm.

Plaintiffs leased office space to defendant under a lease that expired June 30, 1970. In April of that year, defendant delivered a signed lease to plaintiffs for their acceptance. Plaintiffs objected to the amount of the proffered monthly rent and other provisions of the signed lease, so they had their attorney prepare a lease, which was subsequently rejected by defendant. On June 3, 1970, defendant submitted a different lease (this time unsigned) to plaintiffs' attorney, which plaintiffs again found unacceptable. On July 28, 1970, after further unproductive negotiations, plaintiffs signed and returned the initial lease tendered by defendant, but defendant refused it. Plaintiffs seek damages for defendant's refusal to accept the initially proffered signed lease. Defendant contends that plaintiffs' conduct "constituted a rejection and revocation of defendant's first proposal" and that defendant "did not thereafter renew the offer contained in its first proposal".

Defendant filed a motion for summary judgment to which a letter from plaintiffs to defendant was attached and incorporated by reference. The letter stated in part:

> "We have attached to this letter for your examination a dated resume of all of the pertinent negotiations and contacts with officers of your company that have taken place. We believe this resume to be complete and accurate, and worthy of your close attention and consideration."

The resume attached to the letter detailed the negotiations between the parties concerning the terms of a new lease. The resume confirms that defendant presented the signed lease to plaintiffs in April, 1970, and that in May, 1970, plaintiffs' attorney prepared

[919]

another new lease with different terms and presented it to defendant.

1 Williston, Contracts 164, § 51 (3d ed 1957), states:

"When an offer has been rejected it ceases to exist, and a subsequent attempted acceptance is inoperative, even though the acceptance is made within a time which would have been sufficiently early had there been no rejection."

Thus, defendant's offer was effectively revoked as a matter of law.

Plaintiffs contend that the resume "may not be considered under [ORS] 18.105(3)"[1] because it was not submitted by means of an affidavit. Since the record does not reveal that plaintiffs objected to defendant's submission of evidence supporting summary judgment, this issue cannot be considered upon appeal. *Cf., Wood Ind'l Corp. v. Rose*, 271 Or 103, 530 P2d 1245 (1975). Plaintiffs filed nothing in response to defendant's motion. Because there was no material issue of fact for trial, summary judgment for defendant was properly granted.

Affirmed.

---

[1] ORS 18.105 was repealed by Oregon Laws 1979, ch 284, § 199, and is embodied, without change, in Rule 47 D of the Oregon Rules of Civil Procedure which will become operative January 1, 1980. ORS 18.105(3) provides:

"The motion shall be served at least 10 days before the time fixed for the hearing. The adverse party prior to the day of hearing may serve opposing affidavits. The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, *if any*, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages." (Emphasis supplied.)