In re Clive E. ALEXANDER, fdba Lurco, Inc., dba Horizon Construction Company, Debtor.

Burdette T. LANGDON and Leona Langdon, Plaintiffs,

v.

Clive E. ALEXANDER, dba Horizon Construction Co., Defendant.

Bankruptcy No. 381–00657.
Adv. No. 81–0272.

United States Bankruptcy Court, D. Oregon.

Dec. 9, 1981.

Michael Walsh, Portland, Or., for plaintiffs.

Elizabeth Perris, Portland, Or., for defendant.

ORDER GRANTING SUMMARY JUDG-
MENT TO DEFENDANT, DETER-
MINING DEBT TO BE DISCHARGE-
ABLE

DONAL D. SULLIVAN, Bankruptcy
Judge.

Plaintiffs filed a complaint against the debtor to obtain a determination of nondischargeability and judgment for general and punitive damages. Plaintiffs, who are homeowners, charged that defendant who contracted to remodel their home, willfully and maliciously injured their property under 11 U.S.C. § 523(a)(6) by failing to return a down payment of $22,800, as required by ORS 83.740(1) of Oregon's Home Solicitation Sales Law, after plaintiffs canceled the agreement. Plaintiffs based their right to cancel the contract and to restitution on the failure of the remodeling contract to contain a notice of a three-day right to rescind which they assert ORS 83.-730(1) required.

Defendant filed a motion for summary judgment on the grounds that failure to make restitution of the down payment under the Home Solicitation Sales Law, does not create a debt for conversion or willful and malicious injury to property, as a matter of law, under 11 U.S.C. § 523(a)(6). Defendant further asserted that plaintiffs waived any right to the notice of rescission required by Oregon's Home Solicitation Sales Law with respect to the initial agreement signed in their home because the plaintiffs made the down payment after receiving advice from their own attorney and after making a new agreement months later in the defendant's office.

Plaintiffs on August 7, 1979, signed a $57,000 remodeling contract at their home. Defendant prepared the contract from an estimate requested by plaintiffs, who had responded to a newspaper advertisement placed by the defendant. The contract called for financing by the State Department of Veterans Affairs and did not contain the three-day notice of right to cancel required by ORS 83.730(2) for certain home solicitations as defined by ORS 83.710(1)(a). Plaintiffs obtained interim financing by borrowing $22,800 from a consumer loan company because of delay in obtaining the state loan. Before making any payment to the defendant, they sought advice from their own attorney, who reviewed the contract and suggested certain additions. On November 15, 1979, the parties signed a new agreement at the defendant's office and plaintiffs paid $22,800 as down payment as required by the new agreement. The new agreement incorporated the earlier agreement, set a six-month completion date, gave a schedule of progress payments, and added other provisions. Thereafter, defendant started the demolition phase of the remodeling contract. On December 16, 1979, plaintiffs gave notice of rescission and demanded the return of the down payment because completion appeared to be impossible as a result of the remodeling plan's infringement upon county set-back requirements. Defendant filed bankruptcy over one year later on March 6, 1981.

I find that the defendant is entitled to summary judgment declaring the debt described in the complaint to be dischargeable under 11 U.S.C. § 523(a)(6). Regardless of the applicability of ORS 83.740(1) of Oregon's Home Solicitation Sales Law, defendant did not as a matter of law convert or injure "property" of the plaintiffs under 11 U.S.C. § 523(a)(6), and there is no genuine issue of material fact to be tried with respect to this essential element.

A judgment of nondischargeability under 11 U.S.C. § 523(a)(6) must be based upon "injury . . . to the property of

another entity." Conversion falls within this section. *In re Simmons*, 9 B.R. 62–65 (Bkrtcy.S.D.Fla.1981), *3 Collier on Bankruptcy*, § 523.16(3) at 523–123, note 35 (15th Ed., 1981). A person cannot convert his own property and an action for conversion can only be maintained by one who at the time of the conversion had either a general or special ownership in the property. *United States Fire Insurance Co. v. Dean*, 9 B.R. 321 (Bkrtcy.M.D.Fla.1981). The failure to pay over money rightfully received does not constitute conversion unless the recipient of the money is duty bound to pay over the identical money received. *Salem Light and Traction Co. v. Anson*, 41 Or. 562, 69 P. 675 (1902); *Wood Industrial Corporation v. Rose*, 271 Or. 103, 530 P.2d 1245 (1975); *Independence Discount v. Bressner*, 47 App. Div.2d 756, 365 N.Y.S.2d 44, 16 UCC Rep. Serv. 845 (1975).

■ At the time of rescission, plaintiffs lacked a property interest in the funds given to the defendant as a down payment for the remodeling. Nothing in Oregon's Home Solicitation Sales statute or in either contract restricted defendant's right to use the down payment for any purpose or reserved to plaintiffs any rights to those specific funds. ORS 83.740(1) creates a debt upon rescission of the contract but does not create a retroactive property right in cash which plaintiffs unconditionally gave to defendant as a down payment. At the time of plaintiff's rescission, the money belonged to the defendant and plaintiffs had no interest in the cash which could be converted. As a matter of law, the defendant's failure to make restitution upon the cancellation of a contract under ORS 83.720(1) or upon rescission of the contract for any reason, is not actionable as a conversion of property of another under 11 U.S.C. § 523(a)(6).

It is unnecessary to try other issues such as malice or willfulness, which defendant denies, or to try the issue of whether ORS 83.710(1)(a) applies, or whether the parties intended the November 15, 1979 contract to be a novation. Even if plaintiffs prevailed at trial on these issues, they cannot establish an injury to their property, which is an essential element under plaintiffs' chosen theory of nondischargeability. In this connection, plaintiffs after full discovery and the benefit of a formal pre-trial order, presented no other theory of recovery and at oral argument disclaimed any alleged basis for nondischargeability other than that contained in 11 U.S.C. § 523(a)(6).

IT IS ORDERED that summary judgment under Rule 56 FRCP is granted to defendant. The debt described in the complaint is hereby determined to be dischargeable in bankruptcy under 11 U.S.C. § 523(a).